PAUL UNRUH AND RETA UNRUH, Appellants, *v.*
EUGENE R. STREIGHT, CHRISTINE D. STREIGHT
AND SILVER STATE TITLE COMPANY, a Nevada
Corporation, Respondents.

No. 11097

August 18, 1980                                        615 P.2d 247

[Rehearing denied October 7, 1980]

*Allison, Brunetti, MacKenzie & Taylor, Ltd.,* Carson City,
for Appellants.

*Sheerin, O'Reilly & Walsh,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

This action was commenced by Eugene and Christine Streight seeking to recover the balance owed by Paul and Reta Unruh on a $100,000 promissory note. The note was secured by a deed of trust covering a 50-acre parcel in Douglas County which the Streights purchased for $30,000 at the foreclosure sale. The district court found that the fair market value of the property on the day of the foreclosure sale was $30,000 and, pursuant to NRS 40.455,[1] awarded the Streights a deficiency judgment of $70,000 plus interest and costs. This appeal followed.

NRS 40.455 allows a judgment creditor to seek a deficiency judgment where the proceeds he received from the sale of the security do not equal the amount of his debtor's indebtedness. Judgment is limited, however, to the amount by which the debt exceeds the greater of the fair market value of the security on the date of the foreclosure sale or the amount bid at such sale by the creditor. NRS 40.459. In this case, appellants Unruh contend that the district court failed to properly determine the fair market value of the property. Appellants also contend that the district court abused its discretion in failing to appoint an appraiser sua sponte pursuant to NRS 40.457(2).[2]

---

[1]NRS 40.455 provides:

> Upon application of the judgment creditor or the beneficiary of the deed of trust within 3 months from the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the hearing conducted under NRS 40.457, the court may award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust if it appears from the sheriff's return or the recital of consideration in the trustee's deed that there is a deficiency of sale proceeds and a balance remaining due to the judgment creditor or the beneficiary of the deed of trust, respectively.

[2]NRS 40.457(2) provides:

> Upon application of any party made at least 10 days before the date set for the hearing the court shall, or upon its own motion the court may, appoint an appraiser to appraise the property sold as of the date of foreclosure sale or trustee's sale. Such appraiser shall file with the clerk his appraisal, which is admissible in evidence. The appraiser shall take an oath that he has truly, honestly and impartially appraised the property to the best of his knowledge and ability. Any appraiser so appointed may be

NRS 40.457 requires the district court to hold a hearing before awarding a deficiency judgment. At the hearing, the court is required to "take evidence presented by either party concerning the fair market value of the property sold as of the date of foreclosure sale." NRS 40.457(1). In this case, the district court heard testimony from respondent Streight that his bid of $30,000 at the foreclosure sale was in accordance with an appraisal which he had secured. He also testified that two realtors from Gardnerville placed a similar value on the property. Mr. Streight stated that he advertised the property for one month in the Reno papers, during which time he received two offers, one for $28,000, which fell through, and one for $25,000 in cash from Swift Realty, which he accepted.

The appraisal reports submitted by the parties as evidence of the parcel's fair market value were conflicting. Respondents' appraiser noted that the land appeared to be landlocked in the sense that the road commonly used for access had not been dedicated to the county and a private right of way had not been purchased. In addition, the appraiser indicated that the parcel had no irrigation water rights and that a building moratorium on subdivisions was in effect at the time of the sale due to a county water shortage. In light of these factors, the respondents' appraiser found that the highest and best use of the property was as a 50-acre single family residence and that the parcel was worth only $600 an acre, or $30,000.

Appellants' appraiser assumed that the property had access rights. He also assumed that a temporary building moratorium would not affect the value of the property. Thus he found that the highest and best use of the property was as a rural type subdivision of 2-acre parcels. As such the property had a fair market value of approximately $1,600 an acre or $84,000 on the date of the foreclosure sale.

Fair market value is generally defined as the price which a purchaser, willing but not obliged to buy, would pay an owner willing but not obliged to sell, taking into consideration all the uses to which the property is adapted and might in reason be applied. Union Nat. Bank of Pittsburgh v. Crump, 37 A.2d 733 (Penn. 1944). The district court, relying on the arm's length transaction between Swift Realty and the Streights and

called and examined as a witness by any party or by the court. The court shall fix a reasonable compensation for the appraiser, but his fee shall not exceed similar fees for similar services in the county where the encumbered land is situated.

resolving the conflicting appraisal testimony in favor of the Streights, found that the fair market value of the parcel was $30,000. Appellant's contention that the court was required to adopt the opinion of a qualified appraiser is without merit. The district court could properly consider all relevant evidence in determining the value of the property. Tahoe Highlander v. Westside Fed. Sav., 95 Nev. 8, 588 P.2d 1022 (1979); Union Nat. Bank of Pittsburgh v. Crump, 37 A.2d 733 (Penn. 1944); NRS 40.457. As the record supports its finding, we may not disturb it on appeal.

Appellants also contend that where, as here, there is a large discrepancy between appraisal reports, it is an abuse of discretion for the trial court to fail to appoint another appraiser sua sponte. NRS 40.457(2) allows the district court in its discretion to appoint an appraiser to appraise the property. Such appraisal may be considered as evidence of the parcel's fair market value. Although the district court acknowledged that it had this option, it deemed itself sufficiently apprised at the close of the evidence to render a decision without such an appointment. In making its finding, the district court had the benefit of the two appraisal reports submitted by the parties, as well as an actual sale of the subject parcel to a third party one month after the foreclosure sale. In light of this, we cannot say that the district court's failure to appoint yet another appraiser was oppressive or arbitrary and therefore an abuse of its discretion.

Affirmed.