THE CITY OF SPARKS, APPELLANT/CROSS-RESPONDENT, v. GEORGE ARMSTRONG, RESPONDENT/CROSS-APPELLANT.

No. 17729

December 31, 1987                                              748 P.2d 7

*Steven P. Elliott,* Sparks City Attorney, Sparks, for Appellant/Cross-Respondent.

*McAuliffe, White, Long and Guinan,* Reno, for Respondent/Cross-Appellant.

---

[4]MOWBRAY, J., recused himself and took no part in the determination of this case.

## OPINION

*Per Curiam:*

This is an appeal and cross-appeal arising out of condemnation proceedings brought by the City of Sparks against George Armstrong. The issues on appeal concern the valuation of the land parcels taken. On cross-appeal, the district court's pre-judgment interest award is challenged.

### Appeal

In determining the value of the land parcels taken by Sparks, the district court permitted consideration of valuation factors

used in the inverse condemnation case of County of Clark v. Alper, 100 Nev. 382, 685 P.2d 943 (1984). Sparks contends that application of the *Alper's* valuation factors converted the case from a condemnation proceeding into an inverse condemnation case. For several reasons, Sparks insists it was error for the district court to entertain an inverse condemnation action.

All of Sparks's claims of error premised upon the existence of an inverse condemnation action must fail. In *Alper,* we said, "Inverse condemnation proceedings are the constitutional equivalent to eminent domain actions and are governed by the *same* rules and principles that are applied to formal condemnation proceedings." *Alper,* 100 Nev. at 391, 685 P.2d at 949 (emphasis added). Hence, consideration by the district court of the valuation factors relied upon in an inverse condemnation proceeding does not work to convert a condemnation case into an inverse condemnation case.

Since we conclude the district court did not entertain or decide an inverse condemnation action, Sparks's alternative claims, that it was error for the district court to consider such action in light of: (1) the lack of pleadings, (2) the doctrine of equitable estoppel, and (3) the application of a statute of limitations, are inappropriate.

Sparks also claims that the trial court's basis for finding a taking in 1972, which permitted the court to disregard the current undevelopable shape of the property in assessing its value, is faulty and results in a clearly erroneous valuation. Sparks argues that because the approved tentative subdivision map, which included a condition prohibiting development on the taken parcels, was abandoned by Armstrong, the condition that the subject parcels be reserved for Sparks roadways terminated. Accordingly, Sparks argues that there is no basis for the court's finding of a regulatory taking in 1972.

Sparks fails to recognize the practical reality facing Armstrong as owner of the once-restricted property. Substantial evidence was presented to establish that the 1972 Sparks actions with regard to the tentative subdivision plan made it clear that future development on such parcels would not be permitted. Although the mere planning of a project is generally insufficient to constitute a taking, when precondemnation activities of the government become unreasonable or oppressive in such a manner that those activities adversely affect the market value of the property, then the property owner is entitled to compensation. *See* Sproul Homes v. State ex rel. Dep't Hwys., 96 Nev. 441, 611 P.2d 620

(1980). Thus, it is clear the trial court was correct in finding that the taking occurred in 1972.

Sparks contends that the district court should have considered the undevelopable shape of the subject parcel. In determining the value of taken property, the impact upon the taken parcels' fair market value which has resulted from the taking itself should be excluded from consideration. The property must be valued as if the government project that resulted in the taking was neither contemplated nor carried out. *Alper,* 100 Nev. at 390, 685 P.2d at 948. Applying the *Alper* doctrine to the instant case, we cannot say that the district court erred by disregarding the undevelopable shape of the taken property in determining its value since such shape was a direct result of the City of Sparks's precondemnation activities.

The methods used to evaluate the worth of condemned property are not highly regulated. It is a field dominated by expert opinion. Triers of fact should not be limited in their exposure to such expert opinion where such opinion may shed light on the true value of the condemned property. It is often appropriate to determine the fair market value of property which has no relevant market by any method of valuation that is just and equitable. *See* Unif. Eminent Domain Code, sec. 1(4), (1974). In addition, we have recognized cases which have said, "[A]ll elements that might affect the fair market value of the property, including such elements that might influence a reasonably prudent person interested in purchasing it, [are] held properly considered." Clark Co. School Dist. v. Mueller, 76 Nev. 11, 19, 348 P.2d 164, 168 (1960). Accordingly, it is proper to consider expert valuation opinion which disregards limitations stemming from the taking itself which impact upon the fair market value of condemned property.

### Cross-Appeal

On cross-appeal, Armstrong insists that the district court's award of pre-judgment interest is inadequate. We agree.

Although the trial court's award was properly within the ambit of the NRS 37.175 mandate,[1] it was insufficient to meet the

---

[1]NRS 37.175 provides:

    1.   The plaintiff shall pay interest on the final judgment at the rate of 12 per cent per annum, but shall not pay interest on any sum deposited pursuant to the provisions of NRS 37.100 or 37.170.

    2.   The interest runs from the date of entry of judgment or, if the plaintiff has occupied the property of the defendant pursuant to the

constitutional requirements of "just compensation." The term "just compensation" includes interest from the date of the taking. Manke v. Airport Auth. of Washoe County, 101 Nev. 755, 710 P.2d 80 (1985). In *Manke* we said that if the condemned property is neither unimproved, nor vacant, nor of value to the condemnee for purposes of investment or development, the recipient of the condemnation award is only entitled to interest according to NRS 37.175(2). *Manke,* 101 Nev. at 759 n. 6, 710 P.2d at 82 n. 6. Conversely, Armstrong's parcels were vacant, unimproved, and held for investment purposes at the time of the taking, September 11, 1972. Because Armstrong's pre-judgment interest award is not statutorily limited by NRS 37.175(2) and because the term "just compensation" includes pre-judgment interest from the 1972 taking date, we hold that the district court's award of pre-judgment interest is inadequate.

The district court's award of pre-judgment interest should have included interest from September 11, 1972, at the statutory rate accruing on the September 11, 1972, value of the property. Consequently, we reverse the district court's award of pre-judgment interest and remand to such court the pre-judgment interest issue to be determined in conformity with the directives of this opinion.

provisions of NRS 37.100, from the date fixed by order on which the plaintiff was entitled to occupancy, until the final judgment is satisfied.