**130 Nev., Advance Opinion 66**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF NORTH LAS VEGAS, Appellant/Cross-Respondent, vs. 5TH & CENTENNIAL, LLC, A NEVADA LIMITED LIABILITY COMPANY; 5TH & CENTENNIAL II, LLC, A NEVADA LIMITED LIABILITY COMPANY; 5TH & CENTENNIAL III, LLC, A NEVADA LIMITED LIABILITY COMPANY; ALL FOR ONE FAMILY TRUST; BRIAN A. LEE AND JULIE A. LEE, TRUSTEES FOR THE ALL FOR ONE FAMILY TRUST; AND BRIAN A. LEE; AND JULIE A. LEE, Respondents/Cross-Appellants. | No. 58530 **FILED** AUG 07 2014 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
| CITY OF NORTH LAS VEGAS, Appellant/Cross-Respondent, vs. 5TH & CENTENNIAL, LLC, A NEVADA LIMITED LIABILITY COMPANY; 5TH & CENTENNIAL II, LLC, A NEVADA LIMITED LIABILITY COMPANY; 5TH & CENTENNIAL III, LLC, A NEVADA LIMITED LIABILITY COMPANY; ALL FOR ONE FAMILY TRUST; BRIAN A. LEE; AND JULIE A. LEE, Respondents/Cross-Appellants. | No. 59162 |

Petition for rehearing of this court's March 21, 2014, order affirming in part, reversing in part, and remanding to determine prejudgment interest in this eminent domain matter. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

*Rehearing denied.*

Marquis Aurbach Coffing and Micah S. Echols, Brian R. Hardy, and Jack C. Juan, Las Vegas,
for Appellant/Cross-Respondent.

John Peter Lee Ltd. and John C. Courtney and John Peter Lee, Las Vegas; Kemp, Jones & Coulthard, LLP, and William L. Coulthard, Jennifer C. Dorsey, and Eric M. Pepperman, Las Vegas,
for Respondents/Cross-Appellants.

---

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, GIBBONS, C.J.:

On March 21, 2014, this court issued a dispositional order regarding this appeal from the district court's decision in an eminent domain action. In that order we addressed a number of issues, but pertinent to this opinion, we considered whether the district court erred in calculating the prejudgment interest award from the date on which the summons and complaint were served, rather than from the date on which the injury resulting from the conduct that supported precondemnation damages arose. We concluded that the district court did err in its calculation of prejudgment interest, and we held that prejudgment interest should be calculated from the date on which the resulting injury arose. Appellant/cross-respondent City of North Las Vegas seeks rehearing of that order on the prejudgment interest issue, as well as on

[1]The Honorable Ron Parraguirre, Justice, voluntarily recused himself from participation in the decision of this matter.

Supreme Court
OF
Nevada

(O) 1947A

issues concerning the statute of limitations and standing. Although rehearing is not warranted, we take this opportunity to address the issues raised by the City in order to clarify the relevant law.

## FACTS AND PROCEDURAL HISTORY

Beginning in 2002, the City planned, adopted, and began construction on a seven-mile-long, eight-lane, high-speed, super-arterial roadway along North 5th Street to relieve regional traffic congestion on Interstate 15 (the Project). Over the next eight years, the City and others conducted a number of studies, developed reports, budgeted, and authorized planning documents for the Project. The City's 2004 amendment to its Master Plan of Streets and Highways (AMP-70-04) allowed for North 5th Street to be widened up to 150 feet and provided that approval of development applications must be conditioned upon landowners giving up a 75-foot right-of-way on the land fronting that street. The Project was divided into two sections: a northern half, from Owens Avenue to Cheyenne Avenue; and a southern half, from Cheyenne Avenue to Clark County 215. Between 2000 and 2005, respondents/cross-appellants 5th & Centennial, LLC; 5th & Centennial II, LLC; 5th & Centennial III, LLC; All for One Family Trust; and Brian and Julie Lee (collectively, the Landowners) acquired five vacant parcels totaling more than 20 acres on the northwest corner of North 5th Street and Centennial Parkway (the Property), in the northern half of the Project.

When the economy stalled in recent years, so did the City's progress on the northern half of the Project, which relied on federal funding. On January 1, 2010, the Landowners filed a complaint against the City for inverse condemnation and precondemnation damages, asserting that the City's delay in condemning their properties had

prevented them from advantageously selling the properties. Following an eight-day bench trial, the district court concluded that the inverse condemnation claim was not ripe but awarded the Landowners precondemnation damages. The district court further awarded the Landowners attorney fees, costs, and prejudgment interest.

On appeal, we affirmed the district court's orders, except for the prejudgment interest award, which we reversed and remanded for a new determination of when that interest began to accrue.[2] The City then filed this petition for rehearing on the prejudgment interest issue, while also arguing that it is entitled to an opportunity to raise statute of limitations and standing defenses.

## DISCUSSION

The City argues that we overlooked controlling authority when deciding that the district court had improperly calculated the prejudgment interest award from the date when process was served. The City further argues that it should be given an opportunity to assert statute of limitations and standing defenses based on the date of compensable injury.

We disagree. Our conclusion in *City of Sparks v. Armstrong*, 103 Nev. 619, 748 P.2d 7 (1987), coupled with the Nevada Constitution's definition of just compensation, allows for interest to be calculated from the date of taking. Further, the Landowners' claims are not barred by the applicable statute of limitations, and additionally, the City cannot raise the statute of limitations defense for the first time on rehearing. Lastly,

_____

[2]We also concluded that the district court abused its discretion in awarding attorney fees.

the City fails to demonstrate why this court should address its standing defense on rehearing.

*Standard of review*

NRAP 40(c)(2) permits this court to grant a petition for rehearing when it has overlooked or misapprehended a material fact or has overlooked or misapplied controlling law. *See Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. ___, ___, 245 P.3d 1182, 1184 (2010). In petitions for rehearing, parties may not reargue matters they presented in their appellate briefs and during oral arguments, and no point may be raised for the first time. NRAP 40(c)(1).

*Prejudgment interest*

The City contends that prejudgment interest should commence on the date of the service of the summons and argues that in our order we overlooked our prior decision in *Manke v. Airport Authority of Washoe County*, 101 Nev. 755, 710 P.2d 80 (1985). Further, the City argues that we should not have relied on *City of Sparks v. Armstrong*, 103 Nev. 619, 748 P.2d 7 (1987), because *Armstrong* applied a former version of NRS 37.175. We disagree.

In *Manke*, the Airport Authority of Washoe County filed and served a summons and complaint to condemn the Mankes' property, which consisted of 4.24 acres of "vacant, unimproved, commercially zoned real property." 101 Nev. at 756-57, 710 P.2d at 81. When reviewing the district court's calculation of interest, this court agreed that the constitutionally required "just compensation" includes interest from the date of the taking and held that the district court erred in calculating interest from the date of judgment, noting that under NRS 37.120(1)-(2), condemned property is valued as of the "date of the service of summons."

*Id.* at 758, 710 P.2d at 82. Because the taking occurred at the service of summons, interest was also calculated as of that date. *Id.* at 759, 710 P.2d at 82.

Two years after *Manke*, this court determined that a taking could occur before service of the summons. *Armstrong*, 103 Nev. at 621-22, 748 P.2d at 8-9. In *Armstrong*, the district court found that a regulatory taking occurred when the City of Sparks approved a tentative subdivision map, prohibiting development on Armstrong's parcels. *Id.* at 621, 748 P.2d at 8. This court agreed that a taking occurred and clarified that Armstrong was entitled to prejudgment interest from the date of the taking, which occurred prior to the service of the summons. *Id.* at 623, 748 P.2d at 9. This court again reasoned that the constitutional requirement of "just compensation" includes "interest from the date of the taking." *Id.* (citing *Manke*). Thus, this court held that Armstrong was entitled to interest from the time that the regulatory taking occurred, even though it occurred prior to the summons. *Id.*

When private property is taken from an owner for public use, he or she is entitled to just compensation for that taking. Nev. Const. art. 1, § 8(6); NRS 37.120(3). Further, the Nevada Constitution was amended effective November 2008.[3] This amendment states in part that "just compensation shall be defined as that sum of money, necessary to place the property owner back in the same position, monetarily, without any governmental offsets, as if the property had never been taken." Nev. Const. art. 1, § 22(4). "Just compensation shall include, but is not limited

---

[3]The voters first approved this ballot initiative on the November 7, 2006, ballot, and then again on the November 4, 2008, ballot.

to, compounded interest and all reasonable costs and expenses actually incurred." *Id.* Statutorily, "[j]ust compensation for the property taken by the exercise of eminent domain must include, without limitation, interest computed pursuant to NRS 37.175." NRS 37.120(3). In order to calculate that award consistent with the constitution, NRS 37.175(4) instructs the district court to "determine, in a posttrial hearing, the award of interest and award as interest the amount of money which will put the person from whom the property is taken in as good a position monetarily as if the property had not been taken."

With regard to our decision in this case, we relied on the Nevada Constitution and *Armstrong* in recognizing that just compensation includes interest from the date of taking. Further, we concluded that NRS 37.175(4) is more appropriate than NRS 17.130(2), the general prejudgment interest statute, for calculating precondemnation damages because NRS 37.175 is specific to eminent domain cases. We determined that NRS 37.175(4) also "directs the district court to calculate the interest from the date of taking" in order to provide just compensation. Thus, for precondemnation cases, we concluded that the date akin to the taking date, and thus the most appropriate to use here, is the first compensable date of injury resulting from the City's oppressive and unreasonable conduct, which in this case was prior to service of the summons and complaint.

Accordingly, we decline to grant the City's petition for rehearing on the prejudgment interest issue. While *Manke* and *Armstrong* held that different dates controlled for the calculation of prejudgment interest, the underlying rule remains consistent in both cases: prejudgment interest begins at the time a taking occurs. Here, the

SUPREME COURT
OF
NEVADA

(O) 1947A

7

Landowners suffered injury to their property prior to the summons, making this factual scenario more akin to *Armstrong*, where the property owner suffered damage when Sparks approved a subdivision plan and the court concluded that a taking occurred at that time.

Further, the City's argument that *Armstrong* relied on an old version of the statute is without merit because *Armstrong* (1) did not rely on a prior version of NRS 37.175 in making its ruling that prejudgment interest begins at the date of taking,[4] (2) relied on the constitutional requirement of just compensation to determine when the prejudgment interest should begin, and (3) relied on *Manke* to conclude that prejudgment interest begins at the date of taking. Further, the "just compensation" definition for eminent domain cases was added to the Nevada Constitution in 2008, subsequent to the *Manke* and *Armstrong* cases. As a result, the constitutional language would supersede any inconsistency that existed between the Constitution and the *Manke* and *Armstrong* cases. *Lueck v. Teuton*, 125 Nev. 674, 684 n.2, 219 P.3d 895, 902 n.2 (2009) (noting that to the extent a statutory provision conflicts with the Nevada Constitution, the Constitution supersedes the statute). Therefore, we properly (1) concluded that just compensation includes

---

[4]Instead, this court referred to a prior version of NRS 37.175(2) in noting that, according to *Manke*, "if the condemned property is neither unimproved, nor vacant, nor of value to the condemnee for purposes of investment or development, the recipient of the condemnation award is only entitled to interest according to NRS 37.175(2)." *Armstrong*, 103 Nev. at 623, 748 P.2d at 9 (citing *Manke*, 101 Nev. at 759 n.6, 710 P.2d at 82 n.6). However, since the property in *Armstrong* was "vacant, unimproved, and held for investment purposes at the time of taking," the interest was not limited by the former NRS 37.175(2). *Id.*

interest from the date when the injury began, and (2) remanded this issue to the district court to determine when the first compensable date of injury was for the Landowners.[5]

Lastly, this court properly relied on NRS 37.175(4) for calculating interest because it is specific to eminent domain actions. Since NRS 37.175(4) and NRS 37.120(3) aim to provide the property owner with just compensation, this court properly concluded that prejudgment interest for precondemnation damages begins at the date of injury. Therefore, our analysis of prejudgment interest is consistent with prior case law and properly relies on NRS 37.175(4), coupled with the constitutional definition of "just compensation."[6]

*Statute of limitations*

The City also argues that, on remand, it should be allowed to assert a statute of limitations defense since we instructed the district

---

[5]This court's conclusion in this case is further buttressed by the fact that the City's oppressive and unreasonable conduct benefited the City's ultimate goal while burdening the Landowners. *See Manke*, 101 Nev. at 759, 710 P.2d at 82.

[6]The City argues that *Klopping v. City of Whittier*, 500 P.2d 1345, 1349 (Cal. 1972) stands for the proposition that "just compensation" should be measured at the time of taking. We conclude that *Klopping* is distinguishable from the present case because the valuation date used in *Klopping* "is set by statute at the time the summons is issued." 500 P.2d at 1349. Additionally, *Klopping* even notes that "depending on the nature of those activities occurring prior to the issuance of summons a different date may be required in order to effectuate the constitutional requirement of just compensation." *Id.* Thus, *Klopping* actually supports the notion that a date other than the date of summons could be appropriate to provide "just compensation."

court to determine the first date of injury resulting from the City's oppressive and unreasonable conduct. We disagree.

First, the Landowners' claims are not barred by the applicable statute of limitations. This court has concluded that a 15-year statute of limitations applies "in 'takings' actions." *White Pine Lumber Co. v. City of Reno*, 106 Nev. 778, 780, 801 P.2d 1370, 1371-72 (1990) (involving an inverse condemnation claim against the City of Reno when it conditioned approval of a project on the donation of the project parcel to the City). Although separate from inverse condemnation claims, we see no reason to apply a different limitations period to precondemnation claims, which are often brought together with an inverse condemnation claim. Under this ruling, the Landowners' claims are clearly not barred because they first purchased parcels in 2000 and filed their complaint in January 2010.

Moreover, the City failed to assert this issue in response to the Landowners' argument that prejudgment interest should have been calculated from an earlier date. We conclude that the City cannot pursue this argument for the first time in its petition for rehearing. NRAP 40(c)(1).

*Standing*

Finally, the City also contends that it should be given an opportunity to assert a lack of standing defense against the Landowners as to the latter three parcels that were not acquired until January 2005, and the district court could conclude on remand that the injury occurred earlier than then. We decline to address this argument, however, because it does not set forth how this court (1) overlooked or misapprehended a

material fact, or (2) overlooked or misapplied controlling law.  NRAP 40(c)(2).

## CONCLUSION

Our dispositional order properly concluded that prejudgment interest should be calculated from the date of taking, which in this case is the first date of compensable injury.  Further, we conclude that the City cannot raise its statute of limitations argument for the first time on rehearing, and regardless, that defense is inapplicable to the facts of this case.  Finally, rehearing is not warranted to clarify whether the City can assert a standing defense on remand.

_____, C.J.
Gibbons

We concur:

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A