**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWN VAN ASDALE; LENA VAN ASDALE, *Plaintiffs-Appellees*, v. INTERNATIONAL GAME TECHNOLOGY, *Defendant-Appellant*. | No. 11-16538 D.C. No. 3:04-cv-00703-RAM OPINION |

Appeal from the United States District Court
for the District of Nevada
Robert A. McQuaid, Magistrate Judge, Presiding

Argued and Submitted
September 10, 2013—San Francisco, California

Filed August 15, 2014

Before: J. Clifford Wallace, Sidney R. Thomas,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

# SUMMARY[*]

## Sarbanes-Oxley Act / Postjudgment Interest

The panel granted plaintiffs' motion for attorneys' fees and postjudgment interest following its affirmance of the district court's judgment, after a jury trial, in a Sarbanes-Oxley whistleblower case.

Agreeing with the views of the Secretary of Labor, as amicus curiae, the panel held that postjudgment interest on a back pay award in a Sarbanes-Oxley whistleblower case tried in district court is governed by 28 U.S.C. § 1961, the rate that applies to all civil cases in federal district courts, rather than 26 U.S.C. § 6621, the interest rate for underpayment of federal taxes.

The panel referred the matter to the Appellate Commissioner to determine the amount of attorneys' fees, as well as the amount of postjudgment interest.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Mark J. Lenz and Margo Piscevich, Piscevich & Fenner, Reno, Nevada, for Plaintiffs-Appellees.

Deanne E. Maynard, Marc A. Hearron, Brian R. Matsui, and Natalie R. Ram, Morrison & Foerster LLP, Washington, D.C.; Daniel Paul Westman, Morrison & Foerster LLP, McLean, Virginia; Richard G. Campbell, Jr. and Daniel K. O'Toole, Armstrong Teasdale LLP, Reno Nevada, for Defendant-Appellant.

M. Patricia Smith, Solicitor of Labor; Jennifer S. Brand, Associate Solicitor; William C. Lesser, Deputy Associate Solicitor, Megan E. Guenther, Counsel for Whistleblower Programs; Eirik James Cheverud, Attorney, United States Department of Labor, Washington D.C., for Amicus Curiae Secretary of Labor.

**OPINION**

BYBEE, Circuit Judge:

This Sarbanes-Oxley whistleblower case is before us for the third time. On the first appeal, we reversed the district court's order granting summary judgment in International Game Technology's ("IGT") favor because material facts were in dispute. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 991 (9th Cir. 2009) ("*Van Asdale I*"). On remand, a jury returned a verdict in favor of Shawn and Lena Van Asdale on each of their Sarbanes-Oxley claims, and the district court entered judgment consistent with the jury verdict. The district court then denied IGT's post-trial motion for

judgment as a matter of law and granted the Van Asdales' motion for fees, costs, and prejudgment interest "in accordance with 29 C.F.R. § 20.58(a), at the rate specified in the Internal Revenue Code, 26 U.S.C. § 6621." *Van Asdale v. Int'l Game Tech.*, 2011 WL 2118637, at \*18 (D. Nev. May 24, 2011).

On the second appeal, we affirmed the denial of IGT's motion for judgment as a matter of law. *Van Asdale v. Int'l Game Tech.*, 549 Fed. App'x 611, 613–14 (9th Cir. 2013) ("*Van Asdale II*"). We also observed that the applicable *prejudgment* interest rate was a novel issue but chose not to address the issue because IGT had raised the issue for the first time on appeal. *Id.* at 614.

After the second appeal, the Van Asdales filed a motion for fees and *postjudgment* interest with this court, in which they requested interest in accordance with 26 U.S.C. § 6621.[1] IGT opposed the motion, arguing that the default interest rate defined in 28 U.S.C. § 1961[2] should apply.

Because this is a question of first impression, we invited the Secretary of Labor ("the Secretary") to express his views

---

[1] By regulation, the Department of Labor has provided that "[t]he rate of interest provided in section 6621 of the Internal Revenue Code shall be sought for backwages recovered in litigation by the Department." 29 C.F.R. § 20.58(a). Section 6621 establishes the underpayment rate as "the sum of – (A) the Federal short-term rate determined under subsection (b), plus (B) 3 percentage points."

[2] Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield."

as to the appropriate interest rate in this case.[3]  Specifically, we asked:

> (1) Is postjudgment interest in a Sarbanes-Oxley whistleblower case governed by 28 U.S.C. § 1961, the rate that applies to all civil cases in federal district courts, or [26 U.S.C. § 6621], the interest rate for underpayment of federal taxes?

> (2) What is the applicable prejudgment interest rate in a Sarbanes-Oxley whistleblower case that was litigated in federal district court rather than the Department of Labor?

> (3) Must the applicable prejudgment interest rate be the same as the postjudgment interest rate?

The answers have important consequences for the parties because the interest rate established by 28 U.S.C. § 1961 will be less than the rate prescribed by the Internal Revenue Code in 26 U.S.C. § 6621.  *Price v. Stevedoring Servs. of Am., Inc.*,

---

[3] While the Secretary's response was pending, IGT filed a motion to recall the mandate, arguing that the district court's prejudgment interest award would be erroneous if the Secretary opined that 26 U.S.C. § 6621 does not apply to prejudgment interest.  Because of the unusual circumstances in this case, we granted the motion and recalled the mandate in *Van Asdale II*.  *See Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988) (explaining that this court's "discretion should be employed to recall a mandate only when good cause or unusual circumstances exist").

697 F.3d 820, 834 (9th Cir. 2012) (explaining that "[t]he § 6621 rate is always higher than the § 1961 rate.").

The Secretary answered all three questions. In an *amicus curiae* brief the Secretary informed us that, in the Department's view, 28 U.S.C. § 1961 governs postjudgment interest calculations in cases involving district court judgments. He further explained that the rate of interest applied to prejudgment interest awards may differ from the postjudgment interest rate because prejudgment interest is within a district court's discretion.

For the reasons set forth below, we agree with the Secretary's views. Accordingly, we hold that the Van Asdales are entitled to postjudgment interest at the rate established in 28 U.S.C. § 1961. We will not revisit the district court's prejudgment interest award.

I

The Sarbanes-Oxley Act provides that an employee who prevails in a whistleblower suit "shall be entitled to all relief necessary to make the employee whole," 18 U.S.C. § 1514A(c)(1), including "the amount of back pay, with interest." *Id.* § 1514A(c)(2)(B). Notably absent from the statute is any indication of what interest rate would "make the employee whole." The statute also does not differentiate between prejudgment interest and postjudgment interest.

A. *Postjudgment interest*

"[I]f a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered." Fed. R.

App. P. 37(a). The Van Asdales argue that they are entitled to postjudgment interest in accordance with 26 U.S.C. § 6621, which "defines the interest rate that the IRS uses with respect to compensation for overpayment and underpayment of taxes." *Price*, 697 F.3d at 834. They maintain this is the correct interest rate for two reasons. First, they point out that we previously affirmed the district court's decision to award prejudgment interest pursuant to 26 U.S.C. § 6621. *See Van Asdale II*, 549 Fed. App'x at 614. Second, they contend that the underpayment rate prescribed by 29 C.F.R. § 20.58(a) applies to cases that, like theirs, commence before the Department of Labor.

The Van Asdales' first argument is without merit. We affirmed the prejudgment interest award because IGT waived the issue; we did not address the merits of the interest rate. With regard to their second argument, we agree that § 6621 *may* apply to cases that commence—and are resolved—before the Department of Labor. *See, e.g.*, *Welch v. Cardinal Bankshares Corp.*, Case No. 2003-SOX-15, 2005 WL 4889000, at *20 (Dep't. of Labor SAROX Feb. 15, 2005); *Getman v. Sw. Sec., Inc.*, 2003-SOX-00008, 2004 WL 5032614, at *26 (Dep't of Labor SAROX Feb. 2, 2004). Although the Van Asdales' case commenced before the Department of Labor, it was subsequently "kicked out" pursuant to 18 U.S.C. § 1514A(b)(1)(B). Under § 1514A, a complainant who alleges unlawful retaliation must file a complaint with the Secretary. Then, if the Secretary does not issue a final decision within 180 days of the filing and "there is no showing that such delay is due to the bad faith of the claimant," the claim is kicked out so that the complainant may commence a civil action "in the appropriate district court of the United States." 18 U.S.C. § 1514A(b)(1)(B). Thus, the Van Asdales filed their complaint initially in the Department

of Labor, but their case was ultimately resolved before the district court.

Ordinarily, "[i]nterest shall be allowed on any money judgment in a civil case" at the rate established in 28 U.S.C. § 1961.[4] We have "construe[d] the language of section 1961 to be mandatory in cases awarding post-judgment interest," including cases seeking back pay. *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986). For example, in *Ford* we held that a district court erred by failing to award postjudgment interest at the rate set in § 1961 where the plaintiffs had been unlawfully discharged in violation of 29 U.S.C. § 215(a)(3). *Id.* at 836, 842. Similarly, in *Hall v. Bolger*, 768 F.2d 1148 (9th Cir. 1985), we upheld a district court's determination that an award of postjudgment interest under § 1961 was appropriate where a claimant sought back pay for discrimination based on her disability. *Id.* 1149, 1151.

Nevertheless, we have not previously considered whether § 1961 applies to back wages in Sarbanes-Oxley cases. And so far as we can determine, no other circuit has done so either. In fact, it appears that the Eastern District of Virginia is the only federal district court to have considered this novel issue. In *Jones v. Southpeak Interactive Corp. of Delaware*, a plaintiff sought prejudgment and postjudgment interest on a back pay award after a jury determined that Southpeak had violated the anti-retaliation provision of the Sarbanes-Oxley Act. 2013 WL 5874619, at *3 (E.D. Va. Oct. 30, 2013).

---

[4] Section 1961 does not apply to "any judgment of any court with respect to any internal revenue tax case." 28 U.S.C. § 1961(c)(1). By its terms, § 1961 also does not apply to review of administrative agency determinations by a court of appeals. *See Hobbs v. Dir.*, *Office of Workers Comp. Programs*, 820 F.2d 1528, 1531 (9th Cir. 1987).

There, the district court cited the Procedures for the Handling of Retaliation Complaints Under Section 806 of the Sarbanes-Oxley Act of 2002, 29 C.F.R. § 1980, and "approve[d] the post-judgment interest calculation . . . compounded daily on the underpayment rate authorized by [26] U.S.C. § 6621." *Id.* at *2–3. But unlike this case, the defendant there did not argue that § 1961 applied or otherwise object to the plaintiff's request for postjudgment interest. *Id.* at *3.

Although the district court's opinion is informative, it does not provide much guidance. We think the Secretary's *amicus curiae* brief sheds more light on the matter. The Secretary observes that we have held that § 1961 provides the courts of appeals with the authority to order postjudgment interest under Federal Rule of Appellate Procedure 37. The Secretary suggests that we may award postjudgment interest even if the district court did not address postjudgment interest. *See Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1007–08 (8th Cir. 2013). The Secretary then suggests that postjudgment interest in Sarbanes-Oxley cases should be governed by § 1961 when the case is tried in a federal district court under 18 U.S.C. § 1514A(b)(1)(B). Because postjudgment interest in this case is "interest" on a "money judgment in a civil case recovered in a district court," 28 U.S.C. § 1961, the Secretary concludes that § 1961 should apply.

The Van Asdales object to the Secretary's analysis, arguing that IGT essentially received a loan by failing to pay the judgment and that if IGT pays interest at a below-market rate—that is, under § 1961—IGT will benefit from its unlawful conduct. We disagree. In *Price*, we examined back pay awards made under a variety of laws such as maritime law, ERISA, and Title VII, and we held that "our precedents

support the reasonableness of [the § 1961] rate." 697 F.3d at 836. We held that "the § 1961 rate *does* reflect market rates and thereby 'fully compensate[s]' aggrieved parties." *Id.* (quoting *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1288 (9th Cir. 1984)). Thus, the postjudgment interest rate established in § 1961 is sufficient to make the Van Asdales "whole."

Furthermore, the Secretary's interpretation of 18 U.S.C. § 1514A(c)(1) merits some deference. The Secretary has specialized experience because the Department of Labor is responsible for enforcing Sarbanes-Oxley whistleblower protection. *Cf. Price*, 697 F.3d at 832 (affording *Skidmore* deference to a statutory interpretation made by the Director of the Office of Workers' Compensation Programs). The Secretary's views, as expressed in his brief, are persuasive because his reasoning is consistent with the statutory language and because the Secretary draws logical comparisons between an award of back wages in Sarbanes-Oxley cases and other employment actions. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (holding that the weight of an agency's interpretative decision depends upon "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all [other] factors which give it power to persuade").

We agree with the Secretary's observation that § 1961 applies to whistleblower cases that result in district court judgments because there is nothing within the Sarbanes-Oxley Act that says otherwise. Given that "Congress has not expressed an intent on [this] matter" and that "[n]o clearer alternatives are within our authority or expertise to adopt," we conclude that deference to the Secretary's opinion is

appropriate. *Price*, 697 F.3d at 839 (internal quotation marks omitted). Accordingly, we hold that the Van Asdales are entitled to postjudgment interest at the rate established in 28 U.S.C. § 1961.

## B. *Prejudgment interest*

"Generally, the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest." *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 628 (9th Cir. 2007) (internal quotation marks omitted). Consequently, prejudgment interest is often calculated at the same rate as postjudgment interest. *MHC, Inc. v. Oregon Dep't of Revenue*, 66 F.3d 1082, 1090 (9th Cir. 1995) ("We have also determined that generally th[e] rate [of prejudgment interest] will be equivalent to the rate imposed by statute on post-judgment interest.").

Here, the prejudgment interest rate that the district court awarded in accordance with 26 U.S.C. § 6621 differs from the postjudgment rate that the Van Asdales are entitled to on their back wages. The Secretary has advised us that "[t]here is no compelling need to ensure that prejudgment and postjudgment interest awards are always calculated in the same manner," and that "to hold otherwise would hinder district courts' exercise of discretion." Thus, we need not resolve in this case whether prejudgment interest and postjudgment interest awards in Sarbanes-Oxley cases must be based on the same interest rate. Because IGT failed to raise this issue before the district court, we will not revisit the prejudgment interest award that we affirmed in *Van Asdale II*.

## II

In sum, we hold that the Van Asdales are entitled to postjudgment interest at the rate established in 28 U.S.C. § 1961. We grant the Van Asdales' motion for attorneys fees on appeal and refer this matter to the Appellate Commissioner to determine the amount of such fees, as well as the amount of postjudgment interest.[5]

The Van Asdales' motion for fees and postjudgment interest is

**GRANTED.**

---

[5] The Appellate Commissioner shall consider the Van Asdales' Motion for Fees and Postjudgment interest filed on October 9, 2013, and their Supplement to Motion for Fees and Postjudgment interest dated filed on June 5, 2014.