**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OREO CORP., an Ohio corporation, as Successor-In-Interest to KeyBank National Association, | No. 14-15515 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-00352-PMP-VCF |
| v. | MEMORANDUM* |
| LAWRENCE J. WINNERMAN, SANFORD B. WINNERMAN, and WW CENTENNIAL HILLS, LLC, a Delaware limited liability company, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted March 14, 2016**
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Lawrence and Sanford Winnerman, Guarantors on a defaulted real estate

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

loan, and WW Centennial Hills (collectively "Appellants") appeal from the district court's orders granting KeyBank National Association's (KeyBank's) motion to substitute OREO Corp. (OREO) as plaintiff, denying summary judgment to Appellants on OREO's claim for a deficiency judgment, valuing the property in accordance with OREO's expert's testimony, and granting OREO post-judgment interest at 8.25% per annum.

We affirm the district court's grant of KeyBank's motion to substitute, its denial of Appellants' motion for summary judgment, and its determination of fair market value.   We vacate the district court's award of post-judgment interest.

Pursuant to Federal Rule of Civil Procedure 15(c),[1] "[i]n the Ninth Circuit, '[a]n amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original

---

[1]  If the "limitations period derives from state law, Rule 15(c)(1)[(A)] requires [the court] to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard."   *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th Cir. 2014).   Because we conclude that relation back is appropriate under the federal rules, whether it would also be permissible under a potentially more lenient Nevada rule need not be addressed.

and newly proposed plaintiff.'" *Immigrant Assistance Project of the Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 857 (9th Cir. 2002) (quoting *Rosenbaum v. Syntex Corp. (In re Syntex Corp. Sec. Litig.)*, 95 F.3d 922, 935 (9th Cir. 1996)).[2]

There is no question that the First Amended Complaint (FAC) gave Appellants "adequate notice of the claims of the newly proposed plaintiff." *Immigrant Assistance Project*, 306 F.3d at 857 (quoting *Rosenbaum*, 95 F.3d at 935)). The FAC and Second Amended Complaint (SAC) are identical, aside from the substitution of OREO as plaintiff. Appellants were thus fully on notice at the time of the FAC that a deficiency judgment claim on the Property had been leveled against them—the exact same claim alleged in the SAC. Appellants have not explained how relation back prejudices them in any way. Nor have Appellants argued that OREO and KeyBank did not share an identity of interests in obtaining a deficiency judgment, which they did. *See id.* at 858 (identity-of-interest requirement is met when "[t]he circumstances giving rise to the claim

---

[2] Although Rule 15(c) rule speaks specifically only about changing *defendants*, the rule "applies by analogy to the substitution of plaintiffs." *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982) (citing Fed. R. Civ. P. 15 advisory committee's note).

remained the same [under the amended complaint] as under the original complaint" (alterations in original) (quoting *Raynor Bros. v. Am. Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982))). The district court, accordingly, did not abuse its discretion in allowing the SAC to relate back to the FAC. *See Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278-79 (9th Cir. 1982) ("An amendment changing plaintiffs may relate back when the relief sought in the amended complaint is identical to that demanded originally.").

The district court's fair market value determination was not clearly erroneous. Under Nevada law, "[f]air market value is generally defined as the price which a purchaser, willing but not obliged to buy, would pay an owner willing but not obliged to sell, taking into consideration all the uses to which the property is adapted and might in reason be applied." *Unruh v. Streight*, 615 P.2d 247, 249 (Nev. 1980) (per curiam). The court can "properly consider all relevant evidence in determining the value of the property." *Id.*

Although it is undisputed that OREO's expert used the definition of fair market value provided by the Financial Institutions Reform, Recovery, and

4

Enforcement Act (FIRREA)[3] rather than the *Unruh* definition, Appellants fail to establish that an appraisal using the FIRREA definition is inconsistent with *Unruh*. Appellants first contend that the FIRREA definition requiring the buyer and seller to be "motivated," 12 C.F.R. Part 34.42(g), is contrary to *Unruh*'s assumption that buyers and sellers be "willing but not obliged" to buy or sell, *Unruh*, 615 P.2d at 249. But being "motivated" does not mean being "obliged." *Compare Motivated*, Oxford English Dictionary, http://www.oed.com/view/Entry/244070 ( "enthusiastic, stimulated"), *with Obliged*, Oxford English Dictionary, http://www.oed.com/view/Entry/129698 ( "compelled, necessitated").

Appellants next cite to their expert appraiser's testimony that valuation under FIRREA often assumes a specific purpose for the land in question because banks will make a loan only when they know the property will be developed in a certain manner. The market value definition under *Unruh*, he testified, is broader because that definition takes into consideration all the uses the property may be

---

[3] FIRREA implementing regulations define "market value" as "the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition [are] . . . conditions whereby: (1) Buyer and seller are typically motivated." 12 C.F.R. § 34.42(g).

5

"adaptable to." Even accepting this as true, Appellants point to no evidence showing that the potential uses their expert contemplated were any more valuable than the uses OREO's expert contemplated. In fact, both experts stated that the best use for the property was to hold it for future commercial development.

Appellants also argue that because OREO's expert's appraisal of the Property was as of February 18, 2010, it cannot support a valuation of the Property as of the March 31, 2010 trustee's sale. The district court, however, was free to consider that pre-sale valuation, in conjunction with and in light of all the available evidence, to arrive at "the most viable" valuation as of the date of the sale. *See Unruh*, 615 P.2d at 249 ("The district court could properly consider all relevant evidence in determining the value of the property.").

Finally, we agree with Appellants that the district court erred in awarding post-judgment interest at the contractual rate of 8.25% (the "Default Rate") instead of at the statutory rate mandated by 28 U.S.C. § 1961.

In diversity actions like this one, "state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law." *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107-08 (9th Cir. 1998) (quoting *Am. Tel. & Tel. Co. v. United Comput. Sys.*, 98 F.3d 1206, 1209 (9th Cir.

6

1996)).   Section 1961 is "mandatory in cases awarding post judgment interest." *Van Asdale v. Int'l Game Tech.*, 763 F.3d 1089, 1092 (9th Cir. 2014) (quoting *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986)).   "An exception to § 1961 exists when the parties contractually agree to waive its application."   *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004).

In order to contract around the otherwise mandatory provisions of § 1961, there must be a "specific agreement" "on this specific issue."   *Durga Ma*, 387 F.3d at 1023.   Here, there was no "specific agreement" as to the specific issue of post-judgment interest sufficient to manifest an intent to override § 1961.   Unlike in *Citicorp*, where the parties expressly agreed that the contractual rate would apply "*after judgment until collection,*" *Citicorp*, 155 F.3d at 1108, none of the contract provisions cited by OREO even allude to post-judgment interest.   The district court therefore abused its discretion in applying the Default Rate instead of the statutory rate.

## CONCLUSION

The grant of the motion for leave to substitute plaintiff and denial of the motion for summary judgment are affirmed.   The district court's fair market value determination is affirmed.   The district court's award of post-judgment interest is

7

vacated.    On remand, the district court shall recalculate the interest and amend the judgment accordingly.

The parties shall bear their own costs.

**AFFIRMED IN PART** and **VACATED AND REMANDED IN PART**.