## IN THE SUPREME COURT OF THE STATE OF NEVADA

BELLA VISTA RANCH COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; BELLA VISTA RANCH; BUTLER BVR, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND PAUL B. BUTLER III BVR LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellants,
vs.
REGIONAL TRANSPORTATION COMMISSION OF WASHOE COUNTY, A SPECIAL PURPOSE UNIT OF THE GOVERNMENT,
Respondent.

No. 80855

FILED

APR 2 9 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from final judgment, following a bench trial, in a condemnation takings action. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

Respondent, the Regional Transportation Commission of Washoe County (RTC), filed a verified complaint in eminent domain to obtain certain portions of vacant ranch land owned by appellants Bella Vista Ranch, LLC, et al. (BVR). RTC's expert appraiser used a comparable sales approach and concluded $4,280,000 was just compensation, and severance damages were not warranted due to an increase in the value of the remaining land. However, BVR's expert appraiser concluded $18,431,000 was just compensation, including severance damages. The district court found BVR's experts were not credible as to the value of the

land and severance damages. On appeal, BVR challenges the district court's factual findings and decision regarding the valuation of the property.

First, BVR argues that the district court failed to include an upward adjustment for market value or consider the subsequent sale of the remainder parcel. We disagree. To the extent BVR contends the district court erred in relying on RTC's appraisal when it considered forced sales as comparable sales, we conclude the court did not err because it considered whether RTC's appraisal was sufficient to establish prima facie proof of the property's fair market value if the sale had involved a willing buyer and willing seller freely negotiating the terms of sale. *Unruh v. Streight*, 96 Nev. 684, 686, 615 P.2d 247, 249 (1980) (defining fair market value as the price "which a purchaser, willing but not obligated to buy, would pay an owner willing but not obligated to sell, taking into consideration all the uses to which the property is adapted and might in reason be applied"). Further, although BVR contends that the best evidence of the value of the condemned land was the sale price of the remainder parcel occurring shortly thereafter, it would be unreasonable to think the project was not a consideration in the sale of the remainder parcel because it occurred after construction had begun and after numerous challenges had been addressed. *Clark County v. Alper*, 100 Nev. 382, 389, 685 P.2d 943, 948 (1984) (holding the court must exclude any evidence of the depreciation in value caused by the prospective taking once the government has announced its commitment to the property).

Next, BVR argues that the district court abused its discretion when it relied on RTC's experts in determining the value of the property and considered the expired planned unit development (PUD) as relevant evidence. Having reviewed the record and considered the parties'

arguments, we conclude that BVR failed to proffer evidence demonstrating RTC's experts' testimony was inaccurate or unreliable. Additionally, none of BVR's experts appropriately addressed the challenges existing on the property. *Nev. Power Co. v. 3 Kids, LLC*, 129 Nev. 436, 441, 302 P.3d 1155, 1158 (2013) (fact-finders may consider land-use restrictions "that would influence a prudent purchaser when purchasing the condemned property" (internal quotation marks omitted)). There was substantial evidence supporting the district court's just compensation award and credibility determinations completely independent of the PUD. *City of Sparks v. Armstrong*, 103 Nev. 619, 622, 748 P.2d 7, 9 (1987) (holding that determining just compensation "is a field dominated by expert opinion. Triers of fact should not be limited in their exposure to such expert opinion where such opinion may shed light on the true value of the condemned property."). The district court reached its conclusion only after weighing the sufficiency of both parties' evidence, thus the district court did not abuse its discretion as to the valuation of the property.

Further, BVR failed to demonstrate that their highest and best use was reasonably probable. *City of North Las Vegas v. Robinson*, 122 Nev. 527, 531, 134 P.3d 705, 708 (2006) ("[J]ust compensation is determined by the property's market value by reference to the highest and best use for which the land is available and for which it is plainly adaptable." (internal quotation marks omitted)); *McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 671-72, 137 P.3d 1110, 1128 (2006) (explaining that the highest and best use of the property must be reasonably probable). Therefore, the district court's determination of fair market value was not clearly erroneous. *See State ex rel. Dep't. of Highways v. Campbell*, 80 Nev. 23, 25, 388 P.2d 733, 734 (1964) (providing that valuation of a property before and after a taking

is a question of fact); *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 486, 117 P.3d 219, 223 (2005) (explaining that this court will not set aside a finding of fact unless it is clearly erroneous). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Egan K. Walker, District Judge
   Debbie Leonard, Settlement Judge
   Prezant & Mollath
   Woodburn & Wedge
   Washoe District Court Clerk