FIDELITY FEDERAL BANK, FSB, a
federally chartered savings bank,
Petitioner–Appellee,

v.

DURGA MA CORPORATION, a New
Jersey corporation, Respondent–
Appellant.

No. 03–56447.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 29, 2004.

Filed Oct. 29, 2004.

Philip Brown, Egerman & Brown LLP, Beverly Hills, CA, for appellant.

Timothy M. Maggio, Shane Blackstone, Lord, Bissell & Brook, LLP, Chicago, IL, for appellee.

Before: PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

BEEZER, Circuit Judge:

Durga Ma Corporation ("Durga Ma") appeals the district court's order granting Fidelity Federal Bank's ("Fidelity's") motion pursuant to Fed.R.Civ.P. 60(b) to change the awarded post-judgment interest from the California statutory rate of 10% to the federal rate of 1.76% interest per year pursuant to 28 U.S.C. § 1961. We hold that the district court acted within its discretion when it granted Fidelity's motion and affirm the application of the federal post-judgment interest rate.

## I

Durga Ma prevailed in its breach of contract arbitration against Fidelity. On June 9, 2003, Fidelity moved pursuant to Federal Rule of Civil Procedure 60(b) to correct the rate of post-judgment interest specified in the arbitrators' judgment. The district court indicated its willingness to entertain Fidelity's motion, and this court remanded the case so that the district court could consider the motion. On July 17, 2003, the district court granted Fidelity's Rule 60(b) motion.

The arbitration panel's award states: "The total amount of this award plus attorneys fees and costs is $3,313,588.36 *and shall bear interest at the statutory rate* from September 27, 2001." (emphasis added).

Durga Ma moved to confirm the arbitration award on July 16, 2002. Fidelity did not object to the motion. Durga Ma maintains that the following language contained in an attachment to its motion put Fidelity on notice of the 10% rate:

> The Final Arbitration Award also awarded interest in the statutory amount starting from September 27, 2001. Thus, interest in the amount of $290,506.38 is due as of August 12, 2002. Interest starting on August 13, 2002, will accrue at a *per diem* rate of $907.83.

Durga Ma points out that the interest rate and *per diem* are calculated by multiplying the principal amount of the award by 10% per annum.

Fidelity also failed to object to the Proposed Judgment, which states in relevant part:

> [T]he Court confirms the arbitration award and orders that judgment be entered in favor of Respondent Durga Ma Corporation and against Petitioner Fidelity Federal Bank, FSB in the following amounts: ...
>
> 5. Interest on damages, arbitration attorney's fees, and arbitration costs starting from August 13, 2002, at the statutory rate of 10% (a *per diem* charge of $907.83).[1]

The district court entered judgment in favor of Durga Ma on August 23, 2002. Like the proposed judgment, the final

---

1. On August 16, 2002, the district court entered the Minute Order granting Durga Ma's motion to confirm the arbitration; Fidelity did not object to that order's inclusion of the 10% rate.

judgment provides for post-judgment interest "at the statutory rate of 10% (a *per diem* charge of $907.83)."

Fidelity maintains that the district court erred because 28 U.S.C. § 1961(a) required that a post-judgment interest rate of 1.76% be applied to federal judgments. Fidelity's Rule 60(b) motion sought to correct this error, arguing that the incorrect interest rate was the result of inadvertence or mistake. Durga Ma counters that the federal rate does not apply because the post-judgment interest in this case is part of the contract damages awarded by the arbitrators, not an incident to the judgment. Durga Ma maintains that the general rule applying the federal rate to post-judgment interest does not apply in this case. Durga Ma reasons that the arbitration was governed by California law and, therefore, the arbitrators' use of the phrase "the statutory rate" necessarily referred to the California rate. Durga Ma also argues that Fidelity fails to satisfy its burden under Rule 60 because it does not sufficiently explain why it repeatedly failed to object to the 10% rate.

## II

■ We review the district court's order granting or denying a motion under Rule 60(b) for abuse of discretion. *Bellevue Manor Assoc. v. United States*, 165 F.3d 1249, 1252 (9th Cir.1999).

Regarding the rate of post-judgment interest on federal judgments, 28 U.S.C. § 1961 states:

> Interest shall be allowed on any money judgment in a civil case recovered in district court.
>
> . . .
>
> Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield . . . for the calendar week proceeding the judgment.

A judgment confirming an arbitration award is treated similarly to any other federal judgment. 9 U.S.C. § 13; *see also Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d 1154, 1155–56 (9th Cir.1988) (stating that § 1961 applies to judgment confirming award).

An exception to § 1961 exists when the parties contractually agree to waive its application. *See Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107–08 (9th Cir. 1998). In *Citicorp*, the promissory notes at issue included an express, mutually-agreed upon interest rate in the case of default. *Id.* at 1108. The parties also stipulated to a certain arbitration award provided that interest would accrue at the rate specified in the promissory note *after* the judgment until collection. *Id.*

■ Durga Ma initially argues that it is entitled to the 10% California rate because the California choice-of-law clause in the parties' underlying contract constitutes a waiver of 28 U.S.C. § 1961 and an express agreement to apply California's rate to post-judgment interest. Unlike the specific agreement involved in *Citicorp*, the choice-of-law clause at issue here makes no reference to interest rates; it evinces no agreement between the parties on this specific issue. Because Fidelity and Durga Ma did not contract to waive § 1961, that provision governs the post-judgment interest awarded in this case.

Durga Ma next contends that the language of the arbitrators' award indicates that they intended to award postjudgment interest at the California rate of 10%. Durga Ma asserts that because the arbitrators made specific mention of interest in their final award, that interest is part of the judgment, not incidental; the federal rate applies only to interest that is an incident of a federal judgment. Durga Ma further reasoned that the arbitrators knew that California law governed the parties

underlying contract. Therefore, Durga Ma claims that the arbitrators' statement that the award "shall bear interest at *the* statutory rate," referred to the California rate.

 Contrary to Durga Ma's assertion, the award contains no language suggesting that *post*-judgment interest is part of the award. The award refers neither to post-judgment interest nor any particular rate. It also makes no mention of California law. The arbitrators' statement regarding interest likely referred to *pre*-judgment interest. Pre-judgment interest is governed by state law, *Northrop,* 842 F.2d at 1155–56, and state law provides that pre-judgment interest is available from the date the arbitration panel renders its award, *Pierotti v. Torian,* 81 Cal. App.4th 17, 96 Cal.Rptr.2d 553, 560 (2000). However, once an arbitration award is confirmed in federal court, the rate specified in § 1961 applies. *Northrop,* 842 F.2d at 1155–56. This is the case even if the arbitration award purported to grant post-judgment interest. *Alabama Mach. & Serv. Corp. v. Yeargin Constr. Co.,* 744 F.2d 1482, 1483 (11th Cir.1984).

### III

Durga Ma argues that Fidelity is not entitled to relief under Rule 60(b) because it fails to provide evidence that its repeated failures to object to the granting of 10% statutory interest were due to excusable neglect. Fidelity responds by pointing out that its Rule 60 motion is premised, not on excusable neglect, but on mistake and inadvertence on the part of itself and the district court; specifically, failure to notice that the judgment's 10% interest rate was not the applicable federal rate.

 The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself. *Kingvision Pay–Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir.1999). The district court acted within its discretion when it corrected the post-judgment interest rate.

We **AFFIRM** the district court's grant of Fidelity's motion to correct the post-judgment interest rate.