**PHONOMETRICS, INC., Plaintiff—Appellant,**

v.

**HOSPITALITY FRANCHISE SYSTEM, INC., et al., Defendants—Appellees.**

No. 04–15528.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2005.*

Decided March 10, 2005.

John P. Sutton, Esq., San Francisco, CA, for Plaintiff–Appellant.

Stephen Kaus, Esq., Cooper, White & Cooper, San Francisco, CA, William F. Abrams, Esq., Gary L. Benton, Dee Dee Stephens, Pillsbury Winthrop LLP, Palo Alto, CA, for Defendants–Appellees.

Before: ALARCÓN, SILER ** and SILVERMAN, Circuit Judges.

## MEMORANDUM ***

Phonometrics, Inc. appeals from the denial of a Rule 60(b) motion by the district court. We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir.2000). We affirm.

In 1996, Phonometrics, Inc. filed suit against several hotel chains for patent infringement. The suits were consolidated in the Southern District of Florida by the Judicial Panel on Multidistrict Litigation. In 2002 the district court in Florida granted summary judgment in favor of the defendants, followed by awards of attorneys' fees and costs entered on February 5 and 10, 2003. One award entered on February 10 held Phonometrics and its counsel, John Sutton (cumulatively "Phonometrics"), jointly and severally liable. Phonometrics failed to properly appeal this award. When the judgment was registered in the

---

\* The panel unanimously finds this case suitable for decision without oral argument.

\*\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Northern District of California, Phonometrics moved on December 22, 2003, to vacate under Federal Rule of Civil Procedure 60(b).

Federal Rule of Appellate Procedure 4(a)(1) states that, "except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal ... must be filed with the district clerk *within 30 days after the judgment or order appealed from is entered.*" Fed. R.App. P. 4(a)(1) (emphasis added). The exception in Rule 4(a)(4) is:

> (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> . . .
>
> > (vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

Fed. R.App. P. 4(a)(4).

Rule 60(b) authorizes relief from judgments for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). The "mistakes" of judges may be remedied under this provision, which also encompasses mistakes in the application of the law. A trial judge may, within a reasonable time, *but not exceeding the time for appeal,* hold a rehearing under Rule 60(b) and change the award. *See Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 357 (9th Cir.1966).

To be timely, Phonometrics' Rule 60 motion must have been filed within the 30-day window following the entry of the judgment awarding attorneys' fees. Instead, Phonometrics filed a Rule 60(b) motion in Florida on October 15, 2003, approximately seven months past the window for appeal. The court in Florida denied that motion as untimely. The motion here was filed in December, an additional delay of two months. If the motion filed with the original court was untimely, an identical motion made two months later in a foreign jurisdiction is still untimely. The district court did not abuse its discretion in holding the motion untimely.

AFFIRMED.