**GAMETECH INTERNATIONAL INC.,** a Delaware corporation, Plaintiff–counter–defendant–Appellant,

v.

**TREND GAMING SYSTEMS, L.L.C.,** a Texas limited liability company, Defendant–counter–claimant–Appellee.

Gametech International Inc., a Delaware corporation, Plaintiff–counter–defendant–Appellee,

v.

Trend Gaming Systems, L.L.C., a Texas limited liability company, Defendant–counter–claimant–Appellant.

Gametech International Inc., a Delaware corporation, Plaintiff–counter–defendant–Appellant,

v.

Trend Gaming Systems, L.L.C., a Texas limited liability company, Defendant–counter–claimant–Appellee.

Nos. 05–15626, 05–16026, 05–16542.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed May 16, 2007.

E. Jeffrey Walsh, Esq., Robert A. Mandel, Esq., Greenberg Traurig, LLP, Phoenix, AZ, for Plaintiff–counter–defendant–Appellant.

Sarah L. Barnes, Esq., Richard E. Chambliss, Esq., Wesley S. Loy, Esq., Broening Oberg Woods & Wilson, Phoenix, AZ, for Defendant–counter–claimant–Appellee.

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and CARNEY *, District Judge.

## MEMORANDUM **

Appellant GameTech International, Inc. ("GameTech") appeals several pretrial, evidentiary, and post-trial rulings by the district court. We reverse, and remand the case for a new trial.

GameTech first appeals the grant of partial summary judgment to Trend Gaming Systems, L.L.C. ("Trend") on its breach of contract claim. We review a grant of summary judgment *de novo*. *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir.2005). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). Whether a party has breached a contract and whether that breach is material are questions of fact. *FDIC v. Air Fla. Sys., Inc.*, 822 F.2d 833, 840 (9th Cir.1987). We review rulings on motions *in limine* for abuse of discretion. *United States v. Campos*, 217 F.3d 707, 712 (9th Cir.2000) (citing *United States v. Beltran–Rios*, 878 F.2d 1208, 1210 (9th Cir.1989)).

■ Genuine issues of material fact remain as to whether Trend's use of generic contracts was a willful or deliberate material breach of the Distribution Agreement. GameTech presented sufficient evidence to allow a reasonable juror to conclude that by using generic contracts, Trend willfully

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

or deliberately violated its contractual obligation to promote GameTech to the best of its abilities, to use all reasonable commercially available measures to retain customers using GameTech equipment, and to refrain from engaging in any effort to sell competing products. Thus, GameTech presented sufficient evidence to allow a reasonable juror to conclude that Trend's use of generic contracts justified GameTech's early termination, and Trend is not entitled to summary judgment on Count III of GameTech's complaint.

The district court ruled *in limine* that GameTech was prohibited from arguing that Trend's use of generic contracts, as a breach of the implied covenant of good faith and fair dealing, justified GameTech's early termination. The district court abused its discretion in granting the motion *in limine* because its ruling depended on the prior erroneous grant of partial summary judgment to Trend. Because GameTech presented sufficient evidence to survive summary judgment on this issue, the district court's *in limine* ruling must be reversed as well.

■ GameTech also appeals the district court's *in limine* ruling prohibiting GameTech from referring to any of the Virginia evidence during the trial. The district court excluded this evidence on the grounds that it was overly prejudicial to Trend and would cause undue delay of the trial. *See* FED. R. EVID. 403. Exclusion of relevant evidence pursuant to Rule 403 is " 'an extraordinary remedy to be used sparingly.' " *United States v. Mende,* 43 F.3d 1298, 1302 (9th Cir.1995) (quoting *United States v. Patterson,* 819 F.2d 1495, 1505 (9th Cir.1987)). "Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." *Id.* The conduct of Trend's subsidiary, Trend Gaming, L.L.C. ("Trend Gaming"), and Mr. Hieronymus in Virginia was extremely probative to GameTech's decision to terminate the Texas Distribution Agreement. In deciding to terminate the agreement, GameTech's officers relied on the contemporaneous efforts of Trend and Trend Gaming to switch customers in Texas and Virginia to generic contracts. It was error for the district court to conclude that the potential for prejudice and undue delay substantially outweighed the probative value of the Virginia evidence.[1]

■ Finally, GameTech appeals the district court's refusal to award it prejudgment interest prior to set off. Prejudgment interest in diversity cases is a question of state law. *Fidelity Fed. Bank, FSB v. Durga Ma Corp.,* 387 F.3d 1021, 1024 (9th Cir.2004). Under Arizona law, a party is entitled to prejudgment interest prior to set off on a discount counterclaim, but is not entitled to prejudgment interest until after set off against a payment counterclaim. *See Fairway Builders, Inc. v. Malouf Towers Rental Co.,* 124 Ariz. 242, 603 P.2d 513, 537 (1979) (citing *Hansen v. Covell,* 218 Cal. 622, 24 P.2d 772, 776 (1933) (in bank)). Here, Trend's counterclaims are properly characterized as discount claims. *See Hunt Foods, Inc. v. Phillips,* 248 F.2d 23, 28 (9th Cir.1957); *Cal. Lettuce Growers, Inc. v. Union Sugar Co.,* 45 Cal.2d 474, 289 P.2d 785, 793 (1955) (in bank); *Mall Tool Co. v. Far W. Equip. Co.,* 45 Wash.2d 158, 273 P.2d 652, 664 (1954). Accordingly, GameTech is entitled to prejudgment interest prior to any

---

1. Nothing in this order is intended to limit the discretion of the district court to impose reasonable time limitations on the presentation of evidence.

set off.[2]

**REVERSED and REMANDED.**

---

**2.** As this case is remanded for a new trial, it is unnecessary for the Court to rule on the district court's evidentiary rulings regarding expert testimony, the denial of GameTech's motion for judgment as a matter of law on its conversion claim, and the award of attorneys' fees to Trend.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.