FILED



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

MAR 16 2011

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| GAMETECH INTERNATIONAL INC., a Delaware corporation, | No. 10-15626 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:01-cv-00540-ECV |
| v. | MEMORANDUM[*] |
| TREND GAMING SYSTEMS, L.L.C., a Texas limited liability company, | |
| Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Edward C. Voss, Magistrate Judge, Presiding

Argued and Submitted February 16, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and CONTI, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Samuel Conti, Senior District Judge for the United
States District Court for the Northern District of California, sitting by designation.

This is the second appeal in this action brought by GameTech International Inc. to recover receipts allegedly due under its contract with Trend Gaming Systems, L.L.C., to distribute GameTech's gaming equipment. In the earlier appeal, we reversed a judgment in favor of Trend and remanded for a new trial. *GameTech Intern. Inc. v. Trend Gaming Systems, LLC.*, 232 Fed. Appx. 676 (9th Cir. 2007).

In this appeal, Trend seeks to challenge the district court's order distributing the monies collected by Trend and held in constructive trust pending the outcome of the litigation. After the jury returned a verdict in favor of GameTech following our remand, and after final judgment was entered, GameTech filed a motion requesting the district court to release the funds in the constructive trust to GameTech as partial satisfaction of the damages award against Trend. The day after GameTech filed its motion for disbursement, Trend and its attorneys executed a security agreement purporting to grant the attorneys a security interest in the constructive trust to cover the attorneys' fees owed by Trend. Trend then filed a response opposing GameTech's motion and cross-moved the district court to distribute the funds to Trend. The district court entered an order granting GameTech's motion and directing the funds in the trust be disbursed to GameTech. The funds were then released.

2

Litigation between GameTech and Trend has concluded, and nothing is presently before the district court or this Court concerning the underlying dispute. This Court is not in a position to direct the district court to fashion a remedy that would enforce the security agreement between Trend and its lawyers; the funds in which Trend's attorneys allegedly now claim an interest have been disbursed to GameTech. Accordingly, this appeal is moot. *See Enyart v. Nat'l Conf. of Bar Examiners, Inc.*, 630 F.3d 1153, 1159 (9th Cir. 2011) ("The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986))).

Trend did not move for reconsideration of the disbursement order, nor did it apply for a stay before the trustee released all the funds to GameTech. "If an appellant fails to obtain a stay after exhausting all appropriate remedies, that well may be the end of [its] appeal." *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir. 1981).

The appeal is **DISMISSED**.