# FILED

## NOT FOR PUBLICATION

APR 12 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

In re:                              )   BAP Nos.  EC-16-1147-JuTaB
                                    )             EC-16-1151-JuTaB
GLORIA ALCORDO ESTILLORE,           )             (Related Appeals)
                                    )
                Debtor.             )   Bk. No.   1:15-bk-11283
_____ )
                                    )   Adv. No.  1:15-ap-01076
GLORIA ALCORDO ESTILLORE,           )
                                    )
                Appellant,          )
                                    )
v.                                  )   **M E M O R A N D U M**[*]
                                    )
TRUDI G. MANFREDO, Chapter 7        )
Trustee; CORELOGIC SOLUTIONS,       )
LLC; BANK OF AMERICA, N.A.;         )
SAGE POINT LENDER SERVICES,         )
LLC; NATIONSTAR MORTGAGE LLC;       )
U.S. BANK, N.A.,                    )
                                    )
                Appellees.          )
_____ )

Argued and Submitted on March 23, 2017
at Sacramento, California

Filed - April 12, 2017

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Fredrick E. Clement, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant Gloria Alcordo Estillore appeared pro
                se; David R. Jenkins appeared for appellee Trudi
                G. Manfredo, chapter 7 trustee; Bernard J.
                Kornberg appeared on brief for appellees U.S.
                Bank., N.A., Bank of America, N.A., and
                Nationstar Mortgage LLC; Kathryn A. Moorer

_____

[*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

appeared on brief for appellee CoreLogic
Solutions, LLC.

_____

Before:  JURY, TAYLOR, and BRAND, Bankruptcy Judges.

Debtor Gloria Alcordo Estillore (Estillore) appeals from the bankruptcy court's orders:  (1) denying her motion under Civil Rule 60(b)(6)[1] to set aside the bankruptcy court's order approving a compromise between appellee Trudi G. Manfredo, the chapter 7 trustee (Trustee), and appellees Bank of America, N.A. (BANA), Nationstar Mortgage LLC (Nationstar), Sage Point Lender Services, LLC (Sage Point),[2] and CoreLogic Commercial Real Estate Services, Inc. (CoreLogic) (BAP No. 16-1147); and (2) dismissing a removed state-court adversary proceeding filed against U.S. Bank National Association, as Trustee for the Certificate Holders of the LXS 2007-15N Trust Fund (U.S. Bank), Nationstar, and Sage Point pursuant to the terms of the settlement agreement (BAP No. 16-1151).  For the reasons set forth below, we AFFIRM the orders on appeal.

## I.  FACTS

**A.  Prepetition Events**

**1.  The Foreclosure**

On May 2, 2007, Severino L. Estillore Jr., a married man, and James A. Estillore and Cristyflor Estillore, as husband and wife, (collectively, Borrowers) obtained a $458,480 loan from

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Sage Point has not appeared in this appeal.

Countrywide Bank, FSB (Countrywide). To secure the loan, Borrowers executed a deed of trust encumbering real property located on East Newhall Drive, Fresno, California. The deed of trust was assigned to U.S. Bank. Sage Point was substituted as trustee under the deed of trust. On April 14, 2014, Sage Point recorded a notice of default against the property.

On May 12, 2014, in response to the commencement of foreclosure, Borrowers executed a quitclaim deed granting their entire interest in the property to Estillore.

On July 18, 2014, Sage Point recorded a notice of trustee's sale setting a sale date of August 20, 2014. The sale went forward as scheduled. The purchaser at foreclosure was U.S. Bank, the owner of the loan. On September 4, 2014, a trustee's deed upon sale was recorded.

**2.    The State Court Lawsuit**

Prior to the sale, on August 14, 2014, Estillore filed a complaint against U.S. Bank, Nationstar, and Sage Point (the Lending Defendants) in Fresno County Superior Court. Estillore amended the complaint to add BANA and CoreLogic as defendants. Estillore alleged, among other things, irregularities in the origination of the loan and the foreclosure process. She requested that the court set aside the foreclosure sale.

The Lending Defendants demurred to the first amended complaint. The state court sustained the demurrer, but granted leave to amend as to some causes of action. Estillore failed to timely amend the complaint. The Lending Defendants filed an ex parte motion to dismiss the action due to Estillore's failure to amend. The court granted the motion and entered the order

-3-

dismissing the action as to the Lending Defendants.

In response, Estillore filed an unauthorized second amended complaint which removed the Lending Defendants as parties, but added several employees and attorneys of the Lending Defendants as new defendants. The second amended complaint alleged causes of action for (1) Violation of the Lanham Act; (2) RESPA and TILA Violations; (3) Negligent Misrepresentation; (4) Fraud and Concealment; (5) Conspiracy; (6) Set Aside Trustee's Sale; (7) Void or Cancel Deed of Trust; (8) Wrongful Foreclosure; (9) Violation of California Business and Professions Code, and (10) Quiet Title. The record does not reflect whether the second amended complaint was served on any party.

**B.    Bankruptcy Events**

On April 1, 2015, Estillore filed a chapter 7 petition. Ms. Manfredo was appointed the trustee.

**1.    Compromise Of The State Court Lawsuit**

As Estillore's ongoing state court lawsuit was property of the bankruptcy estate, Trustee filed a notice of removal, removing the lawsuit to the bankruptcy court.

Trustee then filed a motion to compromise the controversy between Trustee on the one hand and Nationstar, BANA, CoreLogic and Sage Point on the other. In exchange for $46,000,[3] Trustee agreed to a complete dismissal of the adversary proceeding with prejudice, a release of all claims, and withdrawal of the lis pendens which Estillore had filed against the property. In

---

[3] The allocation of the total amount due was as follows: BANA - $27,000; Nationstar - $15,000; Sage Point - $2,000; and CoreLogic - $2,000.

support of the motion, Trustee submitted a report by attorney David A. Roberts regarding the value of the claims brought in the lawsuit. After analyzing the pleadings and papers in the case, Mr. Roberts concluded that most of the claims brought by Estillore had no legal merit.

Estillore opposed the motion to compromise, contending that numerous parties had committed fraud and requesting that Trustee abandon the lawsuit.

At the hearing on the motion, the bankruptcy court stated its findings of fact and conclusions of law on the record. First, the court found that the settlement was negotiated in good faith. Second, the court considered the four factors set forth in Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1380-81 (9th Cir. 1986) before concluding that the compromise was fair and equitable. Those factors include: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

As to the first factor, the court found the probabilities of success in the litigation were low. Regarding the second factor, the bankruptcy court noted there would be no difficulty with collection from the settling parties. In discussing the third factor, the court found that the litigation was complex and, due to its complexity, the cost of litigation could reach $50,000 or more. Finally, as to the fourth factor, the court

found that the paramount interests of the creditors favored settlement because there would be about $20,000 which could be distributed to creditors.[4]  In the end, the bankruptcy court granted the motion.

On December 22, 2015, the bankruptcy court entered the order approving the compromise (Compromise Order).  That order was not appealed.

### 2.    Motion For Relief Under Civil Rule 60(b)(6)

On April 15, 2016, Estillore filed a motion for relief (MFR) from the Compromise Order.  Relying on Civil Rule 60(b)(6), Estillore argued that the compromise was not fair and equitable because she lost her home due to a fraudulent scheme by the defendants.  She also asserted that the parties signing the settlement agreement were not authorized to do so.

At the May 17, 2016 hearing, the bankruptcy court denied the MFR on several grounds.  The court observed that the order approving the compromise was entered December 22, 2015, and that Estillore filed the MFR on April 15, 2016, four months later. The court noted that under Civil Rule 60(c)(1), Estillore was required to file her MFR under Civil Rule 60(b)(6) within a "reasonable time."  The court concluded that the MFR was not filed within a reasonable time under the circumstances of the case — Estillore was present at the hearing on the motion for compromise, and she offered no explanation for her delay in bringing the MFR.

---

[4] As discussed below, Estillore had not yet claimed a proper exemption in the state court lawsuit.

The court also observed that Estillore sought relief based on the court's error in applying the facts and law to the compromise. The bankruptcy court noted that when a Civil Rule 60(b) motion is made based on the court's error, the motion must be made before the expiration of the time for appeal under the holding in Gila River Ranch v. United States, 368 F.2d 354, 357 (9th Cir. 1966); see also Morris v. Adams-Millis Corp., 758 F.2d 1352, 1358 (10th Cir. 1985) ("A contrary rule would permit a [Civil Rule] 60(b) motion to serve as an appeal, which would be untimely otherwise."). Therefore, the court held that Estillore could not use the MFR as a substitute for a timely appeal.

Finally, the bankruptcy court found that although Estillore was proceeding under Civil Rule 60(b)(6), her arguments fell within the scope of Civil Rule 60(b)(1). Accordingly, the court concluded that her motion was not properly brought under Civil Rule 60(b)(6) nor had she demonstrated "'extraordinary circumstances'" suggesting that she was "faultless in the delay." Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 393 (1993).

The bankruptcy court denied the MFR in a Civil Minute Order dated May 17, 2016. Estillore filed a timely notice of appeal from that order (BAP No. 16-1147).

**3.    Dismissal Of The Adversary Proceeding**

At the same May 17, 2016 hearing, the bankruptcy court held a status conference on the removed state-court adversary proceeding. Trustee asked the bankruptcy court to dismiss the adversary proceeding with prejudice pursuant to the terms of the settlement agreement which had been approved by the court. The

-7-

bankruptcy court agreed and entered a Civil Minute Order dismissing the adversary proceeding with prejudice. Estillore filed a timely notice of appeal from that order (BAP No. 16-1151).[5]

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O).  As explained below, we conclude that we have jurisdiction over both appeals under 28 U.S.C. § 158.

## III.  ISSUES

A.  Does Estillore have standing in these appeals?

B.  Is the appeal from the order denying Estillore's MFR moot?

C.  Did the bankruptcy court abuse its discretion by denying Debtor's MFR from the Compromise Order?

D.  Did the bankruptcy court abuse its discretion by dismissing the adversary proceeding with prejudice?

///

---

[5] Rule 7058 incorporates Civil Rule 58 and applies in adversary proceedings.  Civil Rule 58(a) states that every judgment must be entered on a separate document.  The order dismissing the adversary proceeding in BAP No. 16-1151 may not be a sufficiently separate final judgment under Civil Rule 58(a).  Although no separate judgment was entered, the bankruptcy court's order became final under Civil Rule 58(c)(2)(B) 150 days after the order was entered on the docket.  Regardless, the separate judgment requirement is not jurisdictional and can be waived.  See Bankers Tr. Co. v. Mallis, 435 U.S. 381, 384-85 (1978).  On appeal, Estillore did not argue the lack of a separate judgment.  Accordingly, she waived her right to require entry of a separate judgment.  Id. at 386.

## IV. STANDARDS OF REVIEW

Our jurisdiction, including the issues of standing and mootness, are questions of law subject to de novo review. Menk v. LaPaglia (In re Menk), 241 B.R. 896, 903 (9th Cir. BAP 1999); Wiersma v. D.H. Kruse Grain & Milling (In re Wiersma), 324 B.R. 92, 110 (9th Cir. BAP 2005).

We review a motion for relief under Rule 9024, which incorporates Civil Rule 60(b), for an abuse of discretion. Cel-A-Pak v. Cal. Agric. Labor Relations Bd., 680 F.2d 664, 668 (9th Cir. 1982); Tennant v. Rojas (In re Tennant), 318 B.R. 860, 866 (9th Cir. BAP 2004).

Rule 7041, which incorporates Civil Rule 41, governs the dismissal of adversary proceedings. A bankruptcy court's decision to dismiss an adversary proceeding under Civil Rule 41(a)(2) is reviewed under an abuse of discretion standard. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980).

Under the abuse of discretion standard, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc). If the bankruptcy court identified the correct legal rule, we then determine under the clearly erroneous standard whether its factual findings and its application of the facts to the relevant law were: "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id.

///

///

## V. DISCUSSION

**A. Estillore's Standing To Appeal**

Although no party raised the issue of Estillore's standing to appeal the MFR and dismissal order, we have an independent obligation to examine our own jurisdiction, and standing "is perhaps the most important of [the jurisdictional] doctrines." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). Bankruptcy appellate standing is limited to those persons who can demonstrate that they are directly and adversely affected pecuniarily by an order of the bankruptcy court. Robinson v. Fondiller (In re Fondiller), 707 F.2d 441, 442-43 (9th Cir. 1983). A party asserting standing must demonstrate that the bankruptcy court's order either diminishes his property, increases his burdens, or detrimentally affects his rights. Id. at 442. The pecuniary interest requirement extends to a debtor's objections regarding proposed settlements. In re Rake, 363 B.R. 146, 151 (Bankr. D. Idaho 2007).

It is well-established that a chapter 7 debtor ordinarily lacks standing to challenge orders affecting the assets of the estate unless there is likely to be a surplus after bankruptcy. Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 778 (9th Cir. 1999). However, an exception to this rule is when a debtor shows that there is property that may be the subject of an allowed exemption. In re Rake, 363 B.R. at 151. If, for example, the settlement would result in proceeds that may be exempt or partially exempt, then the debtor would have a pecuniary interest in the settlement. Id.

Estillore's original schedule C did not include the

-10-

litigation claims and used § 522(b)(3) as a ground for her exemptions. On October 28, 2015, Trustee filed the motion for compromise. Prior to the entry of the Compromise Order, on December 18, 2015, Estillore filed an amended schedule C using § 522(b)(3) for her exemptions, including exempting the litigation. Trustee objected to her exemptions, arguing that § 522(b)(3) could not be used as a basis for Estillore's exemptions. In response, Estillore amended her schedule C on March 7, 2016, claiming a $26,600 exemption in the "Sage Point Lender Services, LLC in default." Trustee has not objected to this exemption and represented at the hearing on this matter that Estillore's wildcard exemption would be honored. We thus conclude that Estillore's claimed exemption gives her a pecuniary interest in the claims compromised, and therefore she has standing in these appeals.

**B. Jurisdiction Over BAP No. 16-1147**

Trustee, U.S. Bank, and BANA argue that Estillore's appeal of the order denying her MFR is moot under § 363(m)[6] as she failed to obtain a stay of the Compromise Order.

For their mootness argument, they rely on the holding in

---

[6] Section 363(m) provides:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

-11-

Adeli v. Barclay (In re Berkeley Del. Court, LLC), 834 F.3d 1036 (9th Cir. 2016). In Adeli, the debtor filed a prepetition lawsuit against a creditor-lender regarding the validity of a prepetition loan. The debtor filed a chapter 11 case which was converted to chapter 7. The creditor removed the action to the bankruptcy court. Because the bankruptcy estate held legal claims against the lender, the trustee determined that a settlement offered fair and equitable terms to the estate. The trustee filed a motion seeking approval of the settlement under Rule 9019 and the sale of the estate's claims under § 363(b), which the bankruptcy court granted. In doing so, the bankruptcy court found that the sale was entered into by the parties without collusion and in good faith.

The debtor's principal appealed the bankruptcy court's approval of the settlement to the district court, but he failed to seek a stay of the sale order. The district court dismissed the appeal as moot under § 363(m). Id. at 1039. The court also rejected the appellant's arguments that the mootness rule would not apply where the overbid procedures did not result in competing bids, or where the counterparty was not an "outside party". Id. at 1040.

The Ninth Circuit affirmed, concluding that the failure of the debtor to seek a stay of the order approving the settlement rendered the appeal moot. The Ninth Circuit reasoned that the disposition by way of the compromise of a claim that is an asset of the estate is the equivalent of a sale of the intangible property represented by the claim. The Ninth Circuit also found that the evidence supported the bankruptcy court's finding that

-12-

the creditor was a purchaser in good faith. Accordingly, because settlement of the claims constituted a sale under § 363(b), and since the debtor did not seek a stay of the order approving the settlement, § 363(m) prevented judicial review of the sale of the claims unless the sale was not in good faith. The Ninth Circuit affirmed the dismissal of the appeal.

Adeli is factually distinguishable from this case. Unlike the trustee in Adeli, Trustee did not mention § 363 or the sale of an asset in her motion to approve the compromise nor did she request a good faith finding under § 363(m). Her declaration did not discuss the good faith of the settling parties under § 363(m) standards and at no time did the bankruptcy court actually decide whether any of the settling parties - BANA, Nationstar, or CoreLogic - was a good faith purchaser for purposes of § 363(m). Although the bankruptcy court found that the settlement was negotiated in good faith, it did not make an affirmative finding of good faith under § 363(m). "'Good faith' is a factual determination," and "[u]nless and until 'good faith' has been determined, the appeal is not moot under § 363(m)." Thomas v. Namba (In re Thomas), 287 B.R. 782, 785 (9th Cir. 2002); see also Fitzgerald v. Ninn Worx Sr, Inc. (In re Fitzgerald), 428 B.R. 872, 881 (9th Cir. BAP 2010) ("Without a proper 'good faith' finding under § 363(m), there is no safe harbor to shield the Sale Order from appellate review and appellate remedies.") (citing T.C. Inv'rs v. Joseph (In re M Capital Corp.), 290 B.R. 743, 746 (9th Cir. BAP 2003)). Accordingly, the appeal is not moot despite Estillore's failure to obtain a stay. We thus have jurisdiction to decide

Estillore's appeal of the MFR (BAP No. 16-1147).

**C.    MFR Under Civil Rule 60(b)(6)**

On appeal, Estillore raises errors related to the bankruptcy court's approval of the compromise and the merits of the state court litigation.  However, we do not consider these alleged errors.  The scope of our review is limited to the bankruptcy court's denial of her MFR.  In re Tennant, 318 B.R. at 866 ("[A]n appeal from an order denying a [Civil Rule] 60(b) motion brings up for review only the correctness of that denial and does not bring up for review the final judgment.").  Given the limited scope of our review, the merits of the state court litigation are not properly before us.

As already indicated, Estillore's MFR was expressly based on Civil Rule 60(b)(6).  Relief under Civil Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [bankruptcy] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).  In addition, a motion brought under Civil Rule 60(b)(6) "must be made within a reasonable time."  Civil Rule 60(c)(1).

Relief under Civil Rule 60(b)(6) requires a showing that

-14-

the moving party was affected by "external, extraordinary circumstances" and was "faultless in the delay." Pioneer Inv. Servs., 507 U.S. at 393. Nowhere did Estillore demonstrate that there were external, extraordinary circumstances beyond her control that prevented her from acting sooner or that she was faultless in the delay. We find no abuse of discretion for denial of her MFR on this ground.

In addition, Estillore was required to file her MFR under Civil Rule 60(b)(6) within a "reasonable time," a standard which "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). Estillore filed her MFR four months after the Compromise Order was entered and provided no explanation for the delay. Without a reason for the delay, on this record we cannot say that the bankruptcy court abused its discretion when it denied the motion as untimely.

Moreover, Estillore argued in the MFR that the bankruptcy court made errors of fact or law which are generally considered "mistakes" under Civil Rule 60(b)(1). Fid. Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir. 2004) ("The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself."); Phonometrics, Inc. v. Hospitality-Franchise Sys., Inc., 126 F. App'x 793, 794 (9th Cir. 2005) (unpublished decision) ("The 'mistakes' of judges may be remedied under [Civil Rule 60(b)(1)], which also encompasses mistakes in the

-15-

application of the law."). Therefore, the bankruptcy court properly observed that Estillore's arguments pertaining to the errors of the court were improper under Civil Rule 60(b)(6). Civil Rule 60(b)(6) is not a substitute for motions brought under Civil Rule 60(b)(1). See Lyon v. Augusta S.P.A., 252 F.3d 1078, 1088-89 (9th Cir. 2001).

A motion under Civil Rule 60(b)(1) must be brought within a reasonable time, which must be "no more than a year after the entry of the judgment or order." Unless a Civil Rule 60(b)(1) motion based on legal errors is filed within the time for taking an appeal, a court will find it untimely. See Gila River Ranch, 368 F.2d at 357; accord Lebahn v. Owens, 813 F.3d 1300, 1305 (10th Cir. 2016) ("[A Civil] Rule 60(b)(1) motion asserting mistake of law is untimely—and therefore gives the district court no authority to grant relief—unless brought within the time to appeal."); see also Gonzalez v. Crosby, 545 U.S. 524, 536-38 (2005) (Civil Rule 60(b)(6) not available to raise alleged errors that should have been raised in an appeal). Estillore had 14 days to appeal the Compromise Order. See Rule 8002(a). Estillore did not file her MFR within the time for taking an appeal, waiting almost four months before doing so. Accordingly, the bankruptcy court found her MFR untimely. Again, the bankruptcy court did not abuse its discretion by denying her MFR on this ground.

Estillore also complains on appeal that the appellants engaged in fraud. She alleged in her initial MFR that the signatures on the settlement agreement were not authorized. On appeal, she argues that the signatories either "don't exist or

-16-

they don't have the titles as stated on the documents that they are signing." At another point, she argues that Trustee "intentionally allowed the fraudulent agreement" and suggests that the parties who signed the agreement had no personal knowledge of the underlying contract and that their signatures were possibly forged. Finally, she argues that fraud on the court occurred because Mr. Roberts' report submitted in support of the compromise was false.[7]

"Acts of 'fraud on the court' can sometimes constitute extraordinary circumstances meriting relief under [Civil] Rule 60(b)(6)."[8] Latshaw, 452 F.3d at 1104. The Ninth Circuit explained:

> Such fraud on the court 'embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'
>
> Liberal application is not encouraged, as fraud on the court 'should be read narrowly, in the interest of

---

[7] In her MFR, Estillore's fraud arguments related to the unauthorized signatures on the settlement agreement. Her other arguments regarding fraud and fraud on the court appear for the first time on appeal. In general, we do not consider an issue raised for the first time on appeal. Cold Mountain v. Garber, 375 F.3d 884, 891 (9th Cir. 2004). However, because of Estillore's pro se status, we construe her pleadings liberally. Kashani v. Fulton (In re Kashani), 190 B.R. 875, 883 (9th Cir. BAP 1995).

[8] Because of this possibility, we do not construe Estillore's fraud arguments as solely within the scope of Civil Rule 60(b)(3) (fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party). We also note that the bankruptcy court has discretion to set aside a judgment for fraud on the court under Civil Rule 60(d)(3).

preserving the finality of judgments.' Our court places a high burden on a plaintiff seeking relief from a judgment based on fraud on the court. For example, in order to provide grounds for relief, the fraud must 'involve an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.'

In Latshaw, the plaintiff accepted and signed an offer from the defendants to settle her lawsuit under Civil Rule 68. Two months after the entry of the judgment, she moved to rescind and vacate the defendants' offer of judgment under Civil Rule 60(b). She sought relief under multiple theories, including relief under Civil Rule 60(b)(6) on the basis that her attorney had forged the signature of local counsel on the acceptance of the offer, which was then submitted to the court. In applying the above referenced standards, the Ninth Circuit held that although it may have been fraud to forge a signature and the fraud may have reached the court, the attorney's alleged conduct fell "far short of 'defiling the court itself' and hardly resembled an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" Id. at 1044.

Although Estillore alleged the signatures on the settlement agreement were unauthorized in her original motion, implicitly raising the possibility of fraud, there is no evidence supporting her allegations other than her conclusory declaration. Her declaration falls far short of proving fraud on the court under the heightened standards set forth in Latshaw. On this record, it was thus within the bankruptcy court's discretion to deny relief under Civil Rule 60(b)(6) on the basis of fraud to the extent it was even considered.

In sum, for all the reasons discussed, the bankruptcy

-18-

court's denial of Estillore's MFR was not an abuse of discretion.

**D.    Dismissal Of The Adversary Proceeding**

The bankruptcy court's dismissal of the adversary proceeding was based on Civil Rule 41(a)(2) which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Because the claims set forth in the lawsuit were property of the estate under § 541(a)(1), Estillore lacked standing to prosecute the claims as plaintiff.  It is undisputed that Trustee had the authority to settle those claims and did so in a court-approved settlement.  The dismissal of the adversary proceeding with prejudice was a term of the settlement.  Since the bankruptcy court approved the settlement, it follows that dismissal of the adversary proceeding with prejudice was not an abuse of discretion.  There was no longer any controversy and the agreement of all the defendants in the lawsuit to the dismissal was apparent.

## VI.    CONCLUSION

For the reasons stated, we AFFIRM both orders on appeal.