**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GREENFIELD ADVISORS LLC, a Washington limited liability company, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CAMILO K. SALAS III, an individual; SALAS & CO., L.C., a Louisiana limited liability company, <br><br> Defendants-Appellants. | Nos. 16-35255 <br>        16-36029 <br><br> DC No. CV 13-1615 TSZ <br><br> MEMORANDUM* |

Appeals from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted April 9, 2018
Seattle, Washington

Before:     HAWKINS, TASHIMA, and GRABER, Circuit Judges.

Defendants-Appellants Camilo K. Salas III ("Salas") and Salas & Co., L.C.

("Salas & Co.") (collectively, "Defendants") appeal the district court's

confirmation of an arbitration award and entry of judgment in favor of Plaintiff-

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appellee Greenfield Advisors LLC ("Greenfield"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** The district court had personal jurisdiction over the Defendants. Washington's long-arm statute is co-extensive with federal due process, *Noll v. Am. Biltrite Inc.*, 395 P.3d 1021, 1026 (Wash. 2017), which requires that a nonresident defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice,'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Defendants retained Greenfield to undertake extensive, long-term work on their behalf in Washington. This service relationship was governed by Washington law with any dispute to be arbitrated in Washington. The Greenfield employees providing these services were mostly located in Washington. Defendants sent payments and assurances to Greenfield in Washington. When Defendants stopped paying, they affected a Washington entity and its Washington employees. Defendants thus "purposefully 'reach[ed] out beyond' their State and into [Washington] by . . . entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in [Washington]." *Walden v. Fiore*, 134 S. Ct. 1115,

2

1122 (2014) (first alteration in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479–80 (1985)). Greenfield's claims arise out of Defendants' contacts with Washington, and Defendants have not met their burden of "set[ting] forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting *Burger King*, 471 U.S. at 477).

2.      The district court did not abuse its discretion in finding that Defendants were properly served. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Prior to removal, service was perfected on Salas & Co. when its managing agent's personal secretary was served. Wash. Rev. Code § 4.28.080(9). After removal, personal service on Salas constituted service on both Defendants. Fed. R. Civ. P. 4(e)(2)(A), (h)(1)(B); *see also* Wash. Rev. Code § 4.28.080(9), (10), (16). *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967), is inapplicable where, as here, a  defendant who is served with a state summons after removal either initiated the removal or consented to it, and thus indisputably had notice of the action prior to removal and notice that it was now a federal action.

3.      The district court had jurisdiction to confirm the award and enter judgment based on diversity of citizenship. 28 U.S.C. § 1332(a). This court has never imposed a "consent to confirmation" jurisdictional requirement. Even if this

3

court presumes that 9 U.S.C. § 9 applies here and requires as much, evidence of such consent clearly exists in light of the parties' arbitration clause, Defendants' initiation of and conduct in arbitration, and the parties' submission letter to the arbitrator.

4.      The district court correctly entered judgment against both Salas and Salas & Co.  In arbitration, Salas argued he was not personally liable; however, the arbitrator rejected this argument as evidenced by his declining to specify that the award applied only against Salas & Co.  Salas' arguments on appeal amount to a complaint that the arbitrator resolved the merits incorrectly, which does not justify vacatur.  Wash. Rev. Code § 7.04A.230; *see also Davidson v. Hensen*, 954 P.2d 1327, 1330 (Wash. 1998).  Nor can Salas argue that this is a gateway question of arbitrability, which this court must review *de novo*.  *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 n.2 (2013).  Salas moved to compel arbitration, agreed to submit the entirety of the dispute to the arbitrator, and repeatedly asked the arbitrator to resolve whether or not he was personally liable.  Having asked for the arbitrator's answer, Salas is bound by it.  *See id.* at 573.

5.      The district court properly awarded attorney's fees to Greenfield for obtaining confirmation of the award, as permitted under Washington law.  Wash. Rev. Code § 7.04A.250(3).  The parties' arbitration clause, which is written

4

broadly to encompass Washington law in nearly all respects, evidences a clear intent to incorporate Washington state law rules for arbitration. *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066–67 (9th Cir. 2010).

6.      The district court did not abuse its discretion in setting post-judgment interest at the parties' contracted rate rather than the rate set forth in 28 U.S.C. § 1961, *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1102 (9th Cir. 1998), and thus did not abuse its discretion in denying Defendants' Rule 60(b) motion, *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004). If the issue was arbitrable, Defendants have not shown any basis to vacate or correct the post-judgment interest rate. Wash. Rev. Code §§ 4.56.110(1), 7.04A.230, 7.04A.240. Even if not arbitrable, the language of the parties' agreements, their conduct during arbitration, the language of the award, and their conduct during confirmation of that award, demonstrate that "the parties contractually waived their right to have post-judgment interest calculated at the federal statutory rate." *Citicorp Real Estate*, 155 F.3d at 1108.

      **AFFIRMED**.