NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LL LIQUOR, INC., DBA Lolo Liquor, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STATE OF MONTANA; et al., <br><br> Defendants-Appellees. | No.  19-36002 <br><br> D.C. No. 6:15-cv-00071-SEH <br><br> MEMORANDUM[*] |
| LL LIQUOR, INC., DBA Lolo Liquor, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> STATE OF MONTANA; et al., <br><br> Defendants-Appellants. | No.  19-36041 <br><br> D.C. No. 6:15-cv-00071-SEH |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted October 7, 2020
Portland, Oregon

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[**] District Judge. Dissent by Judge RAWLINSON

All parties appeal the district court's judgment awarding post-judgment interest to Plaintiff LL Liquor, Inc. pursuant to 28 U.S.C. § 1961. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

**1.** An award of post-judgment interest is typically reviewed for abuse of discretion. *Citicorp Real Est., Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). But where "review of the award of interest involves statutory interpretation of 28 U.S.C. § 1961" or other issues of law, the award is reviewed de novo. *Id.*

Generally, in actions within a district court's supplemental jurisdiction, "state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law." *Id.* (quoting *Am. Tel. & Tel. Co. v. United Comput. Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996)); *see Sea Hawk Seafoods, Inc. v. Exxon Corp. (In re Exxon Valdez)*, 484 F.3d 1098, 1100 (9th Cir. 2007). Federal law provides for interest on money judgments in civil cases at the rate prescribed in 28 U.S.C. § 1961. But "[a]n exception to § 1961 exists when the parties contractually agree to waive its application." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (citing *Citicorp*, 155 F.3d at 1107–08).

---

[**]    The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Here, the parties settled LL Liquor's breach of contract claim and stipulated to the entry of a $5 million judgment in favor of LL Liquor. They also agreed that Montana statutes—not 28 U.S.C. § 1961—governed post-judgment interest, though they disagreed on the correct application of those statutes. Despite the parties' agreement, the district court awarded LL Liquor post-judgment interest under 28 U.S.C. § 1961. This was error.

Although a general choice-of-law provision in a contract is insufficient to waive § 1961 where it "makes no reference to interest rates," *Fid. Fed. Bank*, 387 F.3d at 1023, here both sides expressly agreed that § 1961 did not apply and that Montana law controlled. They made this clear repeatedly in their submissions to the district court, including in their "status update" reporting their settlement and in the settlement agreement itself. And unlike in *Fidelity Federal Bank* and the other cases relied upon by the dissenting judge and the district court, in this case there was no dispute between the parties regarding whether they had contractually agreed to waive § 1961.[1] The district court should have honored the parties' express agreement to apply Montana law.

**2.** Because the district court awarded interest pursuant to § 1961, it did not resolve the parties' competing arguments regarding the effect of applying Montana

---

[1] They expressed their intent to waive § 1961 in their settlement agreement and continued to do so through oral argument in this appeal.

law to post-judgment interest.  We now analyze that legal question.[2]

LL Liquor argues that it is entitled to post-judgment interest at the rate of 10% per year from the date of judgment under § 18-1-404(1)(b) of the Montana Code, which provides that in contract actions, "[t]he state of Montana is liable for interest from the date on which the payment on the contract became due" and "[i]f the contract is subject to a good faith dispute brought before a government agency or before a court, the interest rate is 10% simple interest each year, *whether due before or after a decision by the government agency or court*."  Mont. Code § 18-1-404(1)(b) (2013) (emphasis added).  Defendants, on the other hand, maintain that they do not owe any post-judgment interest at all if the judgment is paid within two years, citing § 2-9-317 of the Montana Code, which states:  "*Except as provided in [§] 18-1-404(1)(b)*, if a governmental entity pays a judgment within 2 years after the day on which the judgment is entered, no penalty or interest may be assessed against the governmental entity."  Mont. Code § 2-9-317 (2013) (emphasis added).

"In interpreting a state statute, a federal court applies the relevant state's rules of statutory construction."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 746 (9th Cir. 2013).  In Montana, the "objective when interpreting a statute is to implement the objectives the legislature sought to

---

[2]    "If the district court avoids an issue that, on appellate review, becomes dispositive, we will decide a question of law and resolve the case."  *RTC Transp., Inc. v. Conagra Poultry Co.*, 971 F.2d 368, 375 (9th Cir. 1992).

achieve." *Rogers v. Lewis & Clark Cnty.*, 472 P.3d 171, 182 (Mont. 2020). The plain meaning of the words in the statute controls if it is possible to determine legislative intent from those words. *Id.* "We examine legislative history only when the intent cannot be ascertained from the language of the statute." *Id.*

Defendants urge that the exception in § 2-9-317 for § 18-1-404(1)(b) means that in contract cases the State is obligated to pay *prejudgment* interest—including interest before a court decision and interest between a court decision and a judgment—but is not obligated to pay *post-judgment* interest if it pays the judgment within two years. We reject this strained reading. The plain meaning of § 18-1-404(1)(b) is that the state of Montana owes both prejudgment interest and post-judgment interest in contract cases. Interest after a judgment is also interest "after a decision." And applying this reading of § 18-1-404(1)(b) to § 2-9-317's "[e]xcept" clause, the state of Montana does not enjoy a two-year grace period for paying post-judgment interest in contract cases.[3]

---

[3] The legislative history of these two provisions confirms our plain-meaning conclusion. The "[e]xcept" clause was added to § 2-9-317 in 1997 at the same time that § 18-1-404(1) was amended to render the state of Montana liable for interest in contract cases "whether due before or after a judgment." 1997 Mont. Laws Ch. 508 (H.B. 534) (titled "An act making the state liable for interest . . . in a judgment involving a contract"). Another amendment, in 2001, left § 2-9-317 unchanged but amended § 18-1-404(1)(b) to read as it does today—"whether due before or after a decision by [a] government agency or court." 2001 Mont. Laws Ch. 181, § 12 (S.B. 90). Defendants present no basis for a conclusion that in 2001 the Montana legislature intended to undo its clear 1997 intention to include post-judgment interest within the state's obligations in contract cases.

Accordingly, we vacate the judgment and remand with instructions to enter an amended judgment in favor of LL Liquor, Inc. that bears post-judgment interest from October 1, 2019, at the rate of 10% as provided by Montana law.

**VACATED AND REMANDED.**



***LL Liquor, Inc. v. State of Montana,*** **Case Nos. 19-36002 and 19-36041**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent from the majority's conclusion that the district court

erred in applying federal law to calculate post-judgment interest in this case

brought under the contract clauses of the United States Constitution and the

Montana Constitution. The parties ultimately entered into a settlement agreement.

Relevant to this appeal, the agreement specified that:

> The parties dispute whether post-judgment interest
> is owed on the Judgment and both parties reserve that
> issue and agree to submit the issue to the Federal District
> Court for a decision . . .

Nothing in the agreement addressed application of state law rather than

federal law in calculating the amount of post-judgment interest. Rather, as stated,

this matter was "submit[ted] . . . to the Federal District Court for a decision."

28 U.S.C. § 1961(a) provides that:

> [i]nterest shall be allowed on any money judgment in a
> civil case recovered in a district court. . . . Such interest
> *shall be calculated* . . . at a rate equal to the weekly
> average 1-year constant maturity Treasury yield, as
> published by the Board of Governors of the Federal
> Reserve System . . .

(Emphasis added).

"We have construed the language of section 1961 to be mandatory in cases

awarding post judgment interest . . ." *Van Asdale v. Int'l Game Tech.*, 763 F.3d

1

1089, 1092 (9th Cir. 2014) (citation, alteration and internal quotation marks omitted). The only exception to the mandatory application of § 1961 occurs if, and only if, "the parties *contractually agree* to waive its application." *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (citation omitted) (emphasis added).

The majority points to no contractual agreement by the parties to waive application of § 1961 because there is no such contractual agreement in the record. Neither the Franchise Agreement between the parties nor the Settlement Agreement between the parties contains a waiver of the application of § 1961 to post-judgment interest rates, as required by our precedent. *See Fidelity Fed. Bank*, 387 F.3d at 1023 (requiring a contractual agreement as to the interest rates). The closest the parties come is a statement in the Settlement Agreement that the Agency Franchise Agreement "will be subject to Montana law." However, as the majority concedes, we have explicitly held that such "a general choice-of-law provision is insufficient to waive § 1961 where it makes no reference to interest rates." *Majority Opinion*, p.3, quoting *Fidelity Fed. Bank*, 387 F.3d at 1023. The majority's reliance on the parties' pleadings and courtroom arguments find no support in our precedent. *See id.* (requiring a contractual agreement).

2

The district court properly applied our precedent, the majority did not. I would affirm the judgment of the district court.